**Linda MERRY, et al., Plaintiffs,**

v.

**WESTINGHOUSE ELECTRIC CORP., Defendant.**

**Civ. A. No. 86–1673.**

United States District Court, M.D. Pennsylvania.

April 29, 1988.

Leslie M. Fields, Kollas, Costopoulos & Foster, Lemoyne, Pa., for plaintiffs.

Gerald J. Williams, Philadelphia, Pa., for Linda Merry, et al.

Terry R. Bossert, Elizabeth A. Dougherty, McNees, Wallace & Nurick, Harrisburg, Pa., Philip J. Katauskas, Schnader, Harrison, Segal & Lewis, Patrick W. Kittredge, Joseph M. Donley, Robert Emmet Hernan, McNees, Wallace & Nurick, Philadelphia, Pa., for Westinghouse Elec.

## MEMORANDUM

CALDWELL, District Judge.

*Introduction and Background*

Before the court is Westinghouse's motion for partial summary judgment alleging that certain plaintiffs' claims are barred by the applicable statutes of limitations. Westinghouse contends that response costs under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601 *et seq*, incurred more than two years prior to the dates the plaintiffs became parties to this

action are not recoverable. Westinghouse also asserts that all the non-minor plaintiffs' state law claims are barred by Pennsylvania's two year statute of limitations because the plaintiffs knew or should have known of the cause of their alleged harm more than two years before they filed suit.

*Discussion*

A. *State Law Claims*

The applicable period of limitation for the plaintiffs' state law claims is two years as set forth in 42 Pa.C.S.A. § 5524, which provides as follows:

> The following actions and proceedings must be commenced within two years:
>
> (1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.
>
> (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
>
> (3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.
>
> (4) An action for waste or trespass of real property.
>
> (5) An action upon a statute for a civil penalty or forfeiture.
>
> (6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.
>
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

CERCLA, 42 U.S.C. § 9658, provides that for actions brought under state law for damages caused by exposure to hazardous substances, the state statute of limitations begins to run at the later of the date specified by state law or "the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages ... were caused or contributed to by the hazardous substance or pollutant or contaminant concerned." 42 U.S.C. § 9658(b)(4)(A).[1] In this case, those dates are the same.

■ In Pennsylvania, as a general rule, the section 5524 statute of limitations begins to run when the cause of action accrues, i.e. when the injury occurs. *Larthey by Larthey v. Bland*, 367 Pa.Superior Ct. 67, 532 A.2d 456 (1987). "The injury is done when the act heralding a possible tort inflicts a damage which is physically objective and ascertainable." *Id.* 532 A.2d at 458 (quoting *Ayers v. Morgan*, 397 Pa. 282, 290, 154 A.2d 788, 792 (1959)). Exceptions to the general rule exist, however:

> The "discovery rule" is such an exception, and arises from the *inability* of the injured, *despite the exercise of due diligence*, to know of the injury or its cause.... The salient point giving rise to the equitable application of the exception of the discovery rule is the inability, despite the exercise of diligence by the plaintiff, to know of the injury. A court presented with an assertion of applicability of the "discovery rule" must, before applying the exception of the rule, address the ability of the damaged party, exercising reasonable diligence, to ascertain the fact of a cause of action.

*Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 85, 468 A.2d 468, 471 (1983). "Where [the discovery] rule is applied, the statute of limitations will not begin to run until the plaintiff has discovered his injury, or, in the exercise of reasonable diligence, should have discovered his injury." *Larthey*, 367 Pa.Superior Ct. at 71, 532 A.2d at 458 (quoting *Cathcart v. Keene Industrial Insulation*, 324 Pa.Superior Ct. 123, 135–36, 471 A.2d 493, 500 (1984)).

---

1. Although this provision was added to CERCLA by section 203(a) of the Superfund Amendments and Reauthorization Act of 1986 (SARA), Pub.L. 99–499, § 203(a), 100 Stat. 1695, section 203(b) provided that it was effective with respect to actions brought after December 11, 1980.

[A] plaintiff need not have gained "finite knowledge of all operative facts" in order for the statute to run, but rather ... only in cases of "blameless ignorance," to wit, in cases where the exercise of due diligence on the part of the plaintiff would not have determined the fact of a cause of action, is the discovery rule to be applied.

*Pastierik v. Duquesne Light Co.*, 514 Pa. 517, 524, 526 A.2d 323, 327 (1987) (quoting *Pocono*, 503 Pa. at 86, 468 A.2d at 471–72). Thus the two year statute of limitations does not run until a plaintiff knows or reasonably should know: 1) that he has been injured; and 2) that his injury has been caused by another party's conduct. *See Cathcart.*

■ Nothing in the discovery rule provides for the tolling of the statute until the responsible party is identified. The burden is on the injured party, once he discovers the cause of his injury, to make that determination within the statutory period. "[A]n allegation of mere difficulty in identifying defendants [is] not sufficient to toll the running of the statute of limitations...." *Cathcart*, 324 Pa.Superior Ct. at 139, 471 A.2d at 501.

■ Under both Pennsylvania law and CERCLA, the two year statute of limitations began to run on the plaintiffs' negligence and strict liability claims when they knew or reasonably should have known that their wells were contaminated and that the contamination resulted from the conduct of others. We cannot reach that conclusion with respect to their trespass and nuisance claims. The plaintiffs maintain that the statute is tolled for those claims. They argue that Westinghouse created a condition that has resulted in the continuing discharge of contaminants into their wells and thus Westinghouse's tortious conduct is of a continuing nature. The plaintiffs cite the Restatement (Second) of Torts § 161, comment b, to explain the effect of a continuing tort on the accrual of a cause of action:

(b) Continuing trespass. The actor's failure to remove from land in the possession of another a thing which he has tortiously ... placed on the land constitutes a continuing trespass for the entire time during which the thing is on the land and ... confers on the possessor of the land an option to maintain a succession of actions based on a theory of continuing trespass or to treat the continuance of the thing on the land as an aggravation of the original trespass.

Citing the Restatement (Second) of Torts § 899, comment d, the plaintiffs assert that the rule in section 161 applies to claims for continuing nuisance as well.

■ Westinghouse counters that it ceased the practices that caused the contamination more than two years before the plaintiffs filed suit. It contends that the harm to the plaintiffs' property is permanent and that the court must differentiate between continuing conduct and continuing harm.

In *Sustrick v. Jones & Laughlin Steel Corp.*, 413 Pa. 324, 326, 197 A.2d 44, 46–47 (1964), the Pennsylvania Supreme Court explained the difference between a continuing trespass and one which causes permanent harm:

[A] continuing trespass must be distinguished from a trespass that effects a permanent change in the condition of the land. The latter, while resulting in a continuing harm, does not subject the trespasser to liability for a continuing trespass. *See*, Restatement, Torts, § 162, Comment (d). If a nuisance at the time of creation is a permanent one, the consequences of which in the normal course of things will continue indefinitely, there can be but a single action therefor to recover past and future damages and the statute of limitations runs against such cause of action from the time it first occurred, or at least from the date it should reasonably have been discovered. *See*, 3 Cooley, Torts, § 449 (4th ed. 1955); 34 Am.Jur., Limitation of Actions, § 131 (1941); 87 C.J.S. Trespass §§ 71, 119 (1954); *Baugh v. Bergdoll*, 227 Pa. 420, 76 A. 207 (1910).

Thus, the issue of whether the statute of limitations is tolled turns on whether the injuries in this case are of a permanent

nature, or conversely, can be characterized as separate and recurrent injuries. That question cannot be resolved based on the materials submitted by the parties because factual issues not addressed by the parties must be decided. Most importantly, we must know the nature and properties of the toxic substances found in the plaintiffs' wells and whether Westinghouse improperly disposed of chemicals after November 25, 1984. Accordingly, the court will deny Westinghouse's motion for summary judgment on the trespass and nuisance claims but will allow it to reassert its position when the factual record becomes more fully developed.

■ We turn now to the plaintiffs' negligence and strict liability claims for which we have held that the two year statute began to run when the plaintiffs knew or reasonably should have known that their wells were contaminated and that the contamination resulted from the conduct of others. Westinghouse relies upon a document entitled "Summary of Plaintiff's Well Tests" as proof that certain plaintiffs learned before November 25, 1984 that their groundwater was contaminated. We have no information as to the source of that document and it is virtually useless to us. The document's deficiency was cured in part by the plaintiffs' admission in their counterstatement of material facts that thirty-nine of their wells were tested before that date.[2] There is no evidence, however, that the plaintiffs knew or reasonably should have known that the contamination was caused by the conduct of others. The deposition excerpts submitted by Westinghouse suffer from the same shortcoming. Furthermore, newspaper articles concerning contaminated water in the area, without proof that the plaintiffs read them, do not prove that the plaintiffs knew of the pollution or its cause. Thus questions of fact exist and summary judgment will not be entered on the plaintiffs' negligence and strict liability claims.

## B. CERCLA Claims

Prior to the enactment of the Superfund Amendments and Reauthorization Act of 1986 (SARA), Pub.L. 99–499, § 113, 100 Stat. 1647, CERCLA contained no explicit statute of limitations for actions to recover response costs. Section 113 of SARA, 42 U.S.C. § 9613(g)(2), effective October 17, 1986, established the following limitations periods for such actions:

An initial action for recovery of the costs referred to in section 9607 of this title must be commenced—

(A) for a removal action, within 3 years after completion of the removal action, except that such cost recovery action must be brought within 6 years after a determination to grant a wavier under section 9604(c)(1)(C) of this title for continued response action; and

(B) for a remedial action, within 6 years after initiation of physical on-site construction of the remedial action, except that, if the remedial action is initiated within 3 years after the completion of the removal action, costs incurred in the removal action may be recovered in the cost recovery action brought under this subparagraph.

■ Westinghouse argues that the plaintiffs' causes of action for the recovery of response costs incurred before October 17, 1986 are not covered by section 113 because those actions accrued before section 113 was effective. Instead, the controlling statute of limitations for those claims is the one that was in effect at the time the costs were incurred. Westinghouse claims that

2. Those plaintiffs are:

| | | | |
|---|---|---|---|
| P. Breighner | H. Colgan | B. Shaffer | Ada Spahr |
| C. Bridendolph | S. Colgan | W. Harness | W. Toddes |
| P. Bridendolph | W. Coston | V. Harness | C. Toddes |
| K. Tomassini | J. Coston | G. Hess | Jo. Coleman |
| L. Bridendolph | H. Gastley | R. Hess | Al. Coleman |
| G. Coleman | M. Gastley | D. Kriel | Su. Coleman |
| D. Coleman | C. Gastley | E. Kriel | An. Coleman |
| L. Coleman | D. Gulden | H. Coleman | W. Coleman |
| K. Hess | R. Gulden | J. LeClair | Ja. Coleman |
| N. Hess | K. Gulden | H. LeClair | |

since pre-SARA CERCLA lacked a limitations provision for actions to recover response costs, the court should utilize the most analogous state statute, which in this case is Pennsylvania's two year statute governing trespass actions.[3] As a result, Westinghouse contends, the plaintiffs' claims for response costs incurred before November 26, 1984 are barred.[4]

The plaintiffs argue that since this action was filed on November 26, 1986, after the effective date of section 113, section 113 applies to their claims. They contend that because the cleanup is not complete and they are still incurring costs, the statute has not begun to run on their response costs claims and their suit is timely. Furthermore, they argue, even if section 113 does not apply, their claims are not barred since there is no statute of limitations for pre-SARA response costs claims.

After struggling with this question, we will rule in the plaintiffs' favor on the basis of that final argument. We will assume, as Westinghouse urges, that section 113 does not apply to response costs incurred prior to October 17, 1986. Thus our inquiry is what, if any, statute of limitations applies to pre-SARA response costs claims.

In the absence of an express statute of limitations, the general rule in an ordinary damage action would be to seek an analogous state or federal statute. *Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed. 2d 476 (1983). However, a CERCLA cost reimbursement action is not a damage action but rather an equitable action for restitution. *United States v. Dickerson,* 640

F.Supp. 448 (D.Md.1986); *United States v. Conservation Chemical Co.,* 619 F.Supp. 162 (D.Mo.1985); *United States v. Mottolo,* 605 F.Supp. 898 (D.N.H.1985) (citing seven cases).[5] "When bringing a section 107 claim, a plaintiff seeks 'the return of monies spent on behalf of others' legal obligation to clean up hazardous waste.'" *Violet v. Picillo,* 648 F.Supp. 1283, 1294 (D.R. I.1986) (quoting *Conservation Chemical Co.,* 619 F.Supp. at 205). Where a claim essentially is equitable in nature, the doctrine of laches rather than an analogous federal or state statute of limitations is applied. *Mottolo* (citing *Holmberg v. Ambrecht,* 327 U.S. 392, 395–96, 66 S.Ct. 582, 584–85, 90 L.Ed. 743, 746–47 (1946)).

Laches does not bar the plaintiffs' response cost claims. According to Westinghouse's admission in its "Summary of Plaintiffs' Well Tests," the earliest that any plaintiff learned of contamination, and thus the earliest that response costs could have been incurred, was September, 1983. The "worst case" delay of slightly more than three years before this suit was instituted is insufficient to invoke the equitable doctrine of laches. Thus the plaintiffs' CERCLA claims are not time-barred.

*Conclusion*

For the foregoing reasons, Westinghouse's motion for summary judgment on the plaintiffs' CERCLA and state law claims will be denied. An appropriate order will issue.

---

**3.** 42 Pa.C.S.A. § 5524. *See* section A of this memorandum, *supra.*

**4.** As to the nineteen plaintiffs added to this action by stipulation on May 5, 1987, Westinghouse claims that response costs incurred before May 5, 1985 may not be recovered. Because of the manner in which we will resolve the statute of limitations question, we need not address that contention.

**5.** These cases all involved actions by the United States to recover response costs under section 107 of CERCLA, 42 U.S.C. § 9607. The fact that the instant case has been initiated by private plaintiffs does not change the import of those decisions. Section 107 provides in relevant part as follows:

    (1) the owner and operator of ... a facility,

    (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

    ....

    (4) ... shall be liable for—

      (A) all costs of removal or remedial action incurred by the United States Government ... not inconsistent with the national contingency plan;

      (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan....

Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), equates "response" with "removal" and "remedial action." Thus sections 107(a)(4)(A) and (B) provide for similar, if not identical, relief whether the plaintiff is the government or a private citizen.