568 A.2d 255

**Thomas ARGUST and Anita Argust, h/w Appellees,**

v.

**DICK MACKEY GENERAL CONTRACTING CO., INC., Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1989.

Filed Jan. 11, 1990.

---

Peter G. Loftus, Scranton, for appellant.

John R. O'Brien, Scranton, for appellees.

Before MONTEMURO, POPOVICH and CERCONE, JJ.

MONTEMURO, Judge:

Appellees, Thomas and Anita Argust, sued appellant, Dick Mackey General Contracting Co., Inc., for negligence, breach of express warranty and breach of implied warranty

of merchantability. Following a jury verdict in favor of appellees in the amount of $7,500.00, the trial court denied appellant's motions for a new trial and judgment n.o.v. Appellant brought this timely appeal. On appeal, appellant claims that: (1) the trial court erred in not dismissing the negligence claim due to the expiration of the statute of limitations; (2) the trial court erred in not charging the jury on comparative negligence; (3) the trial court erred in not instructing the jury that it had to determine whether the leaking pool was the proximate cause of the wall collapse; (4) the trial court erred in not allowing appellant to offer a realtor's testimony as to the value of appellees' property, and (5) the trial court erred in not striking the testimony of appellees' two experts as contradictory and lacking definitiveness. We find that the trial court erred in not dismissing the negligence claim. Because we find that under the facts of this case, the trial court's error had no effect on the verdict, we uphold the $7,500.00 verdict in favor of appellees.

On August 15, 1981, appellant entered into a contract with appellees by which appellant agreed to install a swimming pool at appellees' residence. Under the contract, appellant was obligated to draw up plans, lay out the pool, excavate the yard, install the pool, grade and fill in the soil, and install a fence, diving board and ladder. Appellees paid appellant $26,668.80 for the pool.

Appellant began construction of the pool in the Fall of 1981. In the Spring of 1982, problems surfaced: the concrete walkway on the side of the pool began to crack and sag; the dry stone walls supporting each side of the property fell in;[1] the bank between the top of the pool and the neighbor's yard had partially fallen in, leaving mud in the neighbor's yard, and the pool was leaking. From the time appellees first noticed the problems with the pool construc-

1. Appellees' property is built on a hill which has a steep pitch, thus requiring the support of dry stone walls on either end of the property.

tion in the Spring of 1982, until the Spring of 1984, the parties had numerous meetings and sent letters back and forth in an attempt to remedy the problems with the pool. Appellant tried to fix some of the construction problems, but the effort was to no avail. Finally, in the Spring of 1984, appellees hired engineers and architects to repair the erosion of the yard, the collapse of the supporting property walls, and the problems in the workmanship of the pool. Appellees spent over $30,000.00 on these repairs.

On August 15, 1985, appellees filed a Complaint, alleging negligence, breach of express warranty, and breach of implied warranty of merchantability. The jury returned a verdict in favor of appellees in the amount of $7,500.00.

■ Appellant argues that the statute of limitations on the negligence claim had expired by the time appellees filed suit on August 15, 1985. We agree. An action for damage to property must be commenced within two years. 42 Pa.C.S.A. § 5524(7). By appellees' own admission, they discovered the problems with the pool construction as early as the Spring of 1982. Appellees' cause of action accrued when they first became aware of the defects in the pool construction.

■ "The true test in determining when a cause of action arises or accrues is to establish the time when the plaintiff could have first maintained the action to a successful conclusion." *Kapil v. Association of Pennsylvania State College and University Faculties*, 504 Pa. 92, 99, 470 A.2d 482, 485 (1983). In this case, appellees-plaintiffs could have maintained this action to a successful conclusion as of the Spring of 1982, when they first discovered the cracked and sagging walkway, the leaks in the pool, the collapsing property wall and the other damage. As of Spring of 1982, appellees could have established the elements of a cause of action in negligence: that appellant owed appellees a duty,

that appellant breached that duty in failing to properly construct the pool, and that the breach was the proximate cause of actual injury in the form of property damage to the appellees. *See Casey v. Geiger,* 346 Pa.Super. 279, 499 A.2d 606, 612 (1985), *appeal denied* 516 Pa. 638, 533 A.2d 710 (1987). Appellees' cause of action arose in the Spring of 1982.[2]

We hold that the statute of limitations had expired before the date on which appellees brought this suit, which was more than three years after appellees became aware of the damage to their property. The trial court erred in not dismissing appellees' count in negligence. Because we find that the trial court should have dismissed the negligence claim, we need not address appellant's arguments concerning the jury charges on comparative negligence and proximate causation.

■ Appellant argues that the trial court erred in failing to strike the testimony of appellees' experts because their testimony was contradictory. Appellees presented the expert testimony of Patricia Acker, a soils and mining engineer, and Philip Clark, an architect, on the issue of what caused the wall collapse. In constructing the pool, appellant had built a side hill which was held up by the stone property wall. Ms. Acker testified that the slope of the hill built by appellant was too steep and the slope failure caused the collapse of the wall. Mr. Clark cited the over-steepened slope and the consequent slope failure and underground water as causes of the wall collapse.

We agree with the trial court that the testimony of these two experts was not so contradictory as to require that it be stricken. Only where the experts "so vitally disagree on

---

**2.** In its discussion of this issue, the trial court erroneously states that the wall began to collapse in 1984. This statement not only contradicts the testimony of appellee Thomas Argust, and the facts as set forth in appellees' brief, it contradicts the trial court's own statement of the facts. *See* Trial Court Opinion at 1 ("In the Spring of 1982 problems began to surface with the defendant's work.").

essential points as to neutralize each other's opinion evidence" will the plaintiff's case fail. *Brannan v. Lankenau Hospital*, 490 Pa. 588, 596, 417 A.2d 196, 200 (1980), *quoting Mudano v. Phila. Rapid Transit Co.*, 289 Pa. 51, 61, 137 A. 104, 108 (1927). The two experts here did not disagree on what caused the wall to collapse. The trial court did not err in allowing the jury to consider the testimony of both experts on the issue of the cause of the wall collapse.

Appellant argues that the trial court erred in failing to strike the expert testimony of Ms. Acker as lacking in definitiveness. Ms. Acker opined that the "most probable cause" of the failed retaining wall was that the slope of the hill was too steep. N.T. November 19, 1987 at 186, 195.

█ We will allow an expert to render an opinion on a specialized subject beyond the knowledge of the average layperson where the expert possesses "sufficient skill, knowledge, or experience in that field so that his opinion would most likely aid the trier in the search for truth." *Bessemer Stores, Inc. v. Reed Shaw Stenhouse, Inc.*, 344 Pa.Super. 218, 225, 496 A.2d 762 (1985) (citations omitted). *See also Dambacher by Dambacher v. Mallis*, 336 Pa.Super. 22, 485 A.2d 408, 415 (1984), *appeal dismissed* 508 Pa. 643, 500 A.2d 428 (1985). Ms. Acker testified that she had special education, experience, and knowledge in the field of geotechnical engineering, particularly in the areas of soil mechanics, rock mechanics, and foundation engineering. This engineering background enabled her to render an opinion to aid the jury in determining what caused the stone wall supporting the property to collapse.

█ We find that Ms. Acker's opinion that the oversteepened slope of the hill built by appellant was the most probable cause of the wall collapse was sufficiently definite and certain to warrant its submission to the jury. *See Woods v. Pleasant Hills Motor Company*, 454 Pa. 224,

232–34, 309 A.2d 698, 702–03 (1973); *Marrazzo v. Scranton Nehi Bottling Company, Inc.*, 422 Pa. 518, 527, 223 A.2d 17, 22 (1966); *Kravinsky v. Glover*, 263 Pa.Super. 8, 21–22, 396 A.2d 1349, 1356 (1979) ("[T]o make an admissible statement on causation, an expert need not testify with absolute certainty or rule out all possible causes of a condition ... [t]hat an expert may, at some point during his testimony, qualify his assertion does not necessarily render his opinion inadmissibly speculative.") (footnote omitted) (citations omitted). The trial court did not err in permitting the testimony to go to the jury.

█ Finally, appellant argues that the trial court erred in not allowing appellant to present the testimony of a realtor on the increase in value of appellees' property due to installation of the pool. Appellant wanted to use the realtor's testimony to rebut appellee Thomas Argust's testimony that his property was diminished in value as a result of the defective pool and collapsed wall. In refusing to allow the realtor's testimony, the court indicated that it would not allow the jury to award damages based upon diminution in value of the property, and therefore there was no need to have testimony on the issue. N.T. November 20, 1987 at 278–80. In its charge to the jury, the judge instructed them not to consider the testimony of appellee Thomas Argust as it related to diminution in value of the property. The court instructed the jury to consider only the cost of repairs in fashioning a damages award. Thus, although the court should not have permitted the testimony of appellee Thomas Argust on the alleged decrease in value of the property because it lacked relevance in this case, any prejudice appellant may have suffered on account of the testimony was overcome by the court's instruction to the jury to ignore the testimony.

█ We hold that the trial court erred in failing to dismiss the negligence claim. After the trial court sub-

mitted the negligence and breach of warranty claims to the jury, the jury returned with a general verdict in favor of the plaintiffs-appellees for $7500.00. Because special interrogatories were not submitted to the jury, we do not know whether the verdict rested on the negligence claim, the breach of warranty claims, or a combination of the three theories. Upon review of the facts of this case, we find that if the jury had found that defendant-appellant was negligent, then the jury must have also found that defendant-appellant breached the express warranty.[3] The Complaint alleges defects in workmanship and improper conduct on the part of defendant-appellant which, if found to be true, constitute both negligence and a breach of the express warranty.[4] Under either theory, the measure of damages is the cost incurred by the plaintiffs to repair the problems with the pool and yard. Thus, although we find that the trial court erred in failing to dismiss the negligence claim, we find that under the circumstances of this case, the court's error had no impact on the jury verdict. We uphold the jury verdict of $7500.00 in favor of plaintiffs-appellees.

Order affirmed.

3. The warranty, as set forth in the contract to build the pool, provides that the "Company warrants its work to be free from defects in material and workmanship for a period of one year from the date of the completed installation, and if any such defects should appear within such time shall remedy same without cost to owner, ..."

4. For example, the Complaint asserts that defendant was negligent in excavating and backfilling plaintiffs' yard, causing erosion of the yard and sagging of the concrete surrounding the pool and walkway. The Complaint also avers that the sloped and sagging concrete walkway and the collapsed and eroded yard constitute defects in the workmanship of the pool which defendant failed to cure, in breach of the express warranty. Thus, if the jury believed that defendant was negligent with respect to the installation of the concrete and the excavation of the yard, they would also have found that defendant breached the warranty. All of the other allegations of negligence in the Complaint parallel the allegations of breach of express warranty in a similar fashion.