## Scherbner v. Abbott Laboratories Inc.

C.P. of Chester County, no. 93-11243.

*Joseph R. Livesay,* for petitioner.
*Lynne Z. Gold-Bilkin,* for respondent.

WOOD, *J.*, April 25, 1995—In relatively happier times maritally, Kathryn Scherbner and Paul Scherbner, wife and husband, commenced a lawsuit against Abbott Laboratories and others based on negligence and product liability. Kathryn Scherbner's mother, when she was pregnant with Kathryn, took DES, and it turned out that this unfortunate and pernicious drug affected the fetus, Kathryn, so that she grew up with certain limitations, among them the inability to bear children. The Scherbners filed suit on October 5, 1990. In their complaint, they alleged Kathryn Scherbner's difficulties with infertility and her other limitations and dangerous conditions, and then in paragraph 59, alleged that both Kathryn Scherbner and Paul Scherbner had expended and would in the future be spending money for medical treatment. In paragraph 61, they alleged that Paul Scherbner had lost the assistance and society of his wife. In paragraph 62, they alleged that Kathryn had learned of the problem "a few months before the filing of this lawsuit."

It appears that Kathryn and Paul Scherbner were married on June 26, 1986. This does not appear in the pleadings, but it was an assertion made in the briefs, and has not been disputed. It further appears that Kathryn Scherbner started a divorce action against Paul Scherbner on April 26, 1993, which action has been lodged to C.P. no. 93-04100 in this county. Equitable distribution is at issue in that divorce action.

Following the commencement of this lawsuit, on December 28, 1992, the parties settled with one of the defendants, Eli Lilly and Company, for slightly in excess of $133,000. These proceeds are held by Attorney Stephen Sheller, who was apparently attorney for the plaintiffs in the action against various defendants based on the DES problems. Kathryn Scherbner has filed a

petition asking that all the proceeds of this settlement be turned over to her, free of any claims of Paul Scherbner.

It seems to me that I have my choice between three courses of action at this point: I could agree with Kathryn Scherbner and give her all the money; I could hold a hearing and decide how much Kathryn Scherbner is entitled to for her claims as embodied in the DES suit, and how much Paul Scherbner is entitled to for his claims; or I could declare that the whole sum is marital property, and subject to equitable distribution in the divorce proceeding. After due consideration, I choose the last course of action.

The DES suit was started by both Paul and Kathryn Scherbner; it included claims on behalf of both parties; the settlement agreement was executed by both parties; and they are referred to jointly as the recipients of the settlement funds. There is no basis for my giving all the money to Kathryn Scherbner. It may well be that I should hold a hearing and decide how much of the proceeds should be distributed to Paul Scherbner for his claims, and how much to Kathryn Scherbner for hers. However, if *both* claims are subject to equitable distribution, I would think that holding such a hearing would be a futile exercise, since the funds are to be divided up in the divorce action in any event. Therefore, the primary issue for determination, is whether or not the claims of both Kathryn and Paul are subject to equitable distribution.

The Divorce Code at section 3501, 23 Pa.C.S. §3501, provides as follows:

"(a) General rule—as used in this chapter, 'marital property' means all property acquired by either party during the marriage, ... except: ...

"(8) Any payment received as a result of an award or settlement for any cause of action or claim which accrued prior to the marriage or after the date of final separation regardless of when the payment was received."

If these causes of action "accrued" *during* the marriage, then the settlement proceeds *are* subject to equitable distribution.

Kathryn Scherbner contends that her cause of action accrued when she was carried in the womb, because that is when the harm was first done. Generally, a cause of action "accrues" when it is first possible for a plaintiff to pursue it to a successful conclusion. *Argust v. Mackey General Contracting Co. Inc.,* 390 Pa. Super. 183, 568 A.2d 255 (1990). There is no case law directly speaking to issue of when a DES-type action "accrues." However, our courts have consistently held that a cause of action "accrues" when the defendant's negligent conduct becomes known or should have become known to the plaintiff. *Saft v. Upper Dublin Township,* 161 Pa. Commw. 158, 164, 636 A.2d 284, 287 (1993), citing *Stein v. Richardson,* 302 Pa. Super. 124, 448 A.2d 558 (1982), which, at 140, 448 A.2d at 566 further cites *Puleo v. Broad Street Hospital,* 267 Pa. Super. 581, 585, 407 A.2d 394, 396 (1979).

As Kathryn herself admits in her pleadings, she first learned of the problem "a few months" before filing suit. Indeed, it could have not been otherwise, or she would have lost her right to sue by virtue of the statute of limitations, 42 Pa.C.S. §5524. Paul's action, of course, did not accrue until he married Kathryn. Accordingly, I conclude that both causes "accrued" during the marriage. I think the conclusion that I have reached is consistent with the intentions of the Divorce Code, and also with the line of cases which hold that a cause

of action does not ripen until the harm complained of becomes apparent. *Giffear v. Johns-Manville Corporation*, 429 Pa. Super. 327, 632 A.2d 880 (1993).

Since, pursuant to the foregoing analysis, the claims of both Kathryn and Paul Scherbner are subject to equitable distribution, whatever their relative shares might otherwise be pursuant to the settlement, I think it advisable to direct that the funds held by Attorney Sheller be distributed as directed by the special master and the court in the above noted divorce proceeding.

## ORDER

And now, April 25, 1995, in response to the petition of Kathryn Scherbner for distribution of the settlement proceeds noted above, I direct that such proceeds shall be considered marital property and subject to equitable distribution by this court in the divorce proceeding commenced at no. 93-04100, in the Court of Common Pleas of Chester County.