John DOMBROWSKI, et al., Plaintiffs,

v.

## GOULD ELECTRONICS, INC., Defendant.

Civil Action No. 3:CV–93–0120.

United States District Court, M.D. Pennsylvania.

Dec. 31, 1996.

Gerald Williams of Williams & Cuker, Philadelphia, PA, Diane Beemer of Beemer & Beemer, Clarks Summit, PA, Thomas J. Ratchford of Minora Minora Colbassani & Ratchford, Scranton, PA, for plaintiffs.

G. Wayne Renneisen, Mark A. Lockett, Terrianne Benedetto of Harvey, Pennington, Herting & Renneisen, LTD, Philadelphia, PA, for defendant.

### *MEMORANDUM AND ORDER*

CONABOY, District Judge.

Presently before the Court is the "Motion for Partial Summary Judgment of Defendant, Gould Electronics, Inc. (hereinafter "Gould"), to dismiss claims of David and Linda Miller for Diminution in property value and loss of use and enjoyment of property as set forth in Counts II, III and IV of Complaint pursuant to Rule 56(b) of the Federal Rules of Civil Procedure" (Doc. 62). Through this motion, Gould contends that the statute of limitations has run in regards to Plaintiffs', Linda and David Miller, negligence, nuisance and trespass claims (Counts II, III and IV respectively). For the reasons as set forth *infra*, we shall grant Gould's motion and shall dismiss Counts II, III and IV as they pertain to Plaintiffs David and Linda Miller.

### *FACTUAL AND PROCEDURAL BACKGROUND*

#### Factual Background

From approximately 1962 to 1980, the Marjol Battery Company (hereinafter "Marjol") owned and operated a battery crushing and lead processing plant in the Borough of Throop, Lackawanna County, Pennsylvania (hereinafter "the site"). The site was located within a residential neighborhood. In 1982, Gould merged with Marjol, became the owner of the site and continued operations on the site until 1982.[1]

As a result of the business activities at the site, the site became contaminated with lead and other hazardous materials, and lead by means of leakage, seepage, runoff, emission and/or erosion had contaminated the surrounding air and groundwater, as well as the soil of the neighboring residences. In accordance with state and federal environmental departments and their policies, the site has undergone and is still undergoing clean up measures in order to remedy the hazardous condition of the site.

The plaintiffs in this action, who are present or former residents of the Borough of Throop in the area nearby the site, initiated this complaint in the Court of Common Pleas of Lackawanna County for the Commonwealth of Pennsylvania, on the basis of strict liability, general common law claims and

---

1. In 1994, Gould Incorporated transferred all of its assets and liabilities to Gould Electronics, Incorporated and became legally dissolved.

Pennsylvania environmental statutory law. David and Linda Miller initiated this action on August 27, 1993, in the Court of Common Pleas of Lackawanna County by filing a praecipe for writ of summons. The Millers are named plaintiffs in the original case of *Armezzani et. al. v. Gould Inc.*, which was removed from state court to this Court on or about March 4, 1994. In the interest of judicial economy, the *Armezzani* case was consolidated into the present case by Order dated March 14, 1994. (Doc. 33).

Within the complaint, the plaintiffs, including the Millers, contend that as a result of the operations of the site, "the stigma attached thereto" and the "widespread media coverage thereof, the value of each adult plaintiffs' property has been substantially diminished." (*Id.*). The plaintiffs also allege that they have experienced a "loss and/or impairment of the beneficial use and enjoyment of their homes and properties, all to their great detriment." (*Id.*). The complaint itself is grounded in state environmental law and common law principles of negligence, nuisance and trespass.[2]

Discovery has been progressing at a productive pace in this matter. At times, the parties have found it necessary to file dispositive motions pertaining to certain issues. Presently before the Court is such a motion, as Gould claims that Plaintiffs David and Linda Miller's "property claims", nuisance and trespass claims are barred by Pennsylvania's statute of limitations.[3]

### DISCUSSION

**Standard of Review**

Pursuant to Fed.R.Civ.P. 56(c), a motion for summary judgment will only be granted if there is no genuine issue of material fact and if the moving party is entitled to relief as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505,

2509–10, 91 L.Ed.2d 202 (1985). A fact is "material" if proof of its existence or nonexistence would effect the outcome of the lawsuit under the applicable law in the case. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. An issue of material fact is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party. *Hankins v. Temple University*, 829 F.2d 437, 440 (3d Cir.1987).

In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). A moving party is entitled to a judgment as a matter of law if the nonmoving party does not make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1985).

Once the moving party has satisfied its burden of identifying evidence which demonstrates an absence of a genuine issue of material fact, *Childers v. Joseph*, 842 F.2d 689, 694 (3d Cir.1988), the nonmoving party is required by Fed.R.Civ.P. 56(e) to go beyond the pleadings by way of affidavits, depositions or answers to interrogatories in order to demonstrate specific material facts which give rise to a genuine issue. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. When Rule 56(e) shifts the burden of proof to the nonmoving party, that party must proffer evidence to show the existence of every element essential to its case which it bears the burden of proving at trial. *Equimark Commercial Finance Co. v. CIT Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir.1987).

When reviewing a motion for summary judgment, the court must decide whether or not there is a genuine issue of material fact

---

2. Specifically, Count II is grounded in negligence. Count III, which is grounded in nuisance, states that "[t]he defendants' (sic) culpable conduct as averred hereinabove, comprised a nuisance condition which caused a significant interference with plaintiffs' use and enjoyment of their property." (Doc. 33); and Count IV, which is grounded in trespass, states that "[s]aid actions and inactions by Defendant have caused an invasion by pollution of Plaintiffs' interest in the

exclusive possession of their land, constituting a trespass, and resulting in the harm and damages averred hereinabove." (*Id.*).

3. Throughout this Memorandum and Order, we shell refer to the Miller's diminution in value claim and loss of use and enjoyment claim—the negligence claims—as their "property claims."

which must be resolved at trial or whether the evidence is so one-sided that one party will prevail over the other. *Groff v. Continental Insurance Co.*, 741 F.Supp. 541 (E.D.Pa.1990). "Where factual controversies exist, disputes over material facts that might affect the outcome of the suit under the governing law will probably preclude the entry of summary judgment." *Metro Transportation Co. v. North Star Reinsurance Co.*, 912 F.2d 672, 678 (3d Cir.1990).

## A. THE MILLER'S NEGLIGENCE THEORY: THE "PROPERTY CLAIMS"

Gould contends that the plaintiffs' negligence claim is barred by Pennsylvania's statute of limitations, as the plaintiffs' praecipe for writ of summons was not filed within the prescribed two (2) year time limit. We agree.

■ Generally, "[t]he true test in determining when a cause of action arises or accrues is to establish the time when the plaintiff could have first maintained the action to a successful conclusion." *Argust v. Dick Mackey General Contracting*, 390 Pa.Super. 183, 187, 568 A.2d 255, 257 (1990). Pursuant to Pennsylvania law, any action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional or otherwise tortious conduct or any other action or proceeding sounding in trespass must be commenced within two (2) years. 42 Pa.C.S.A. § 5524(7)(West & 1996 Supp.). "In the event the statutory period expires, a party may only bring suit if he can establish that an exception to the general rule applies which tolls the Statute of Limitations." *Piccolini v. Simon's Wrecking*, 686 F.Supp. 1063, 1072 (M.D.Pa.1988). Pennsylvania courts recognize such an exception.

> The 'discovery rule' is such an exception, and arises from the *inability* of the injured, *despite the exercise of due diligence*, to know of the injury or its cause. . . . the salient point giving rise to the equitable application of the exception of the discovery rule is the inability, despite the exercise of diligence by the plaintiff, to know of the injury. A court presented with an

assertion of applicability of the 'discovery rule' must, before applying the exception of the rule, address the ability of the damaged party, exercising reasonable diligence, to ascertain the fact of a cause of action.

*Pocono International Raceway v. Pocono Produce*, 503 Pa. 80, 85, 468 A.2d 468 (1983) (emphasis in original).

In light of this exception, for negligence causes of action, this Court has held that the two year statute of limitations does not begin to run until the plaintiff, within a reasonable degree of certainty, knows that he has been injured and that said injury has been caused by another party's conduct. *See Merry v. Westinghouse Electric Corporation*, 684 F.Supp. 852, 855 (M.D.Pa.1988); *Piccolini*, 686 F.Supp. at 1072–73; *Rohrbach v. AT & T Nassau Metals Corp.*, 888 F.Supp. 627, 632 (M.D.Pa.1994).

■ The Millers live at 311 Rebecca Street, Throop, Pennsylvania, and have resided there since 1984. (Doc. 62, Exh. D p. 5). Their residence is a three bedroom house, with a 50 foot by 175 foot yard or lot. (Doc, 62, Exh. D pp. 6–7). David Miller estimated that his house was a fifteen minute walk to the site. (Doc. 62, Exh. D p. 16). He also estimated that it was "back in 1988 . . . when [he] found out about what was going on", (Doc. 62 Exh. D, p. 38), and this knowledge came from newspaper articles about the actions at the site. (*Id.*). In 1989, David Miller became aware of the clean up activities at the site, as the trucks passed his residence. (Doc. 62, Exh. D, p. 41–3). It was not until this time that he realized that the value of his residence could depreciate. (Doc. 62, Exh. D p. 44). In 1989, David Miller consulted a realtor, inquired about the property values in Throop, and was told by a realtor that due to the activities at the site, the property values in Throop were automatically 20% lower. (Doc. 62, Exh. D p. 45). At this time, there could have been no doubt that the Millers realized, or should have realized, that they were injured, as they experienced a diminution in value of their residence. Furthermore, as the realtor told David Miller that the market price for the residence would automatically be 20% lower

"because of the lead contamination", (*Id.*), the Millers should have realized that this injury could have stemmed from the activities of the site. Also, David Miller testified that his family had stopped gardening because of the activities at the site, (Doc. 62, Exh. D p. 53), and stopped eating in the yard. (Doc. 62, Exh. D p. 55). Based upon these facts, the statute of limitations began to run in 1989 when the Millers became aware of that they had suffered a diminution in value of their residence because of the activities at the site. As the plaintiffs did not initiate this action until August, 1993, the negligence claim of Linda and David Miller is barred as untimely.

Counsel for the Millers state in their opposition brief that since the invasion said to have been suffered by the Millers is a continuing and ongoing tort, the statute of limitations has not run. While this statement of law is correct to a certain degree, it is incorrectly applied to the wrong type of action. It is plain and clear that the two year statute of limitation does not begin to run until the plaintiff, within a reasonable degree of certainty, knows that he has been injured and that said injury has been caused by another party's conduct. Whether the action is a continuing or permanent invasion is an issue for trespass and/or nuisance claims, and this will be addressed *infra*.

■ Counsel for the Millers also argue that "[a]lthough plaintiffs' claims should be regarded as timely even under a two-year statute of limitations this Court should apply the twenty-year statute of limitations set out in 35 P.S. § 6020.1114 to this action." This statute of limitations corresponds to actions brought pursuant to the Pennsylvania Hazardous Sites Cleanup Act, 35 P.S. § 6020.101 *et seq.* This Act has a twenty year statute of limitations.[4] Focusing on the operative phrase "or civil actions for releases of hazardous substances", counsel for plaintiffs contend that the twenty year statute of limita-

tions applies to *all* of their counts in their complaint, and not just the count grounded in the Hazardous Sites Cleanup Act. We are unpersuaded by this argument, for if that were the case, the plaintiffs' complaint would comprise of one count based on the Act itself, and the remaining counts and their theories would be superfluous. For these reasons, the Millers' negligence claim will be dismissed.

## B. THE MILLERS' TRESPASS AND NUISANCE CLAIMS

■ In addition to pleading a negligence claim, the plaintiffs also plead a nuisance and trespass claim in Counts III and IV of the complaint respectively. Gould contends that any action or emission, if at all, upon the property of the Millers constitutes a permanent injury in nature, and not a continuing one. With trespass and nuisance claims, the analysis of the statute of limitations is different from that of a negligence claim. One must first determine whether the invasion is continuing or is permanent in nature.

■ If the invasion or trespass is categorized as a continuing trespass, then the landowner has the option of bringing successive actions:

> The actor's failure to remove from land in the possession of another a structure, chattel or other thing which he has tortiously erected or placed on the land constitutes a continuing trespass for the entire time during which the thing is wrongfully on the land and ... confers on the possessor of the land an option to maintain a succession of actions based on the theory of continuing trespass or to treat the continuance of the thing on the land as an aggravation of the original trespass.

RESTATEMENT (2nd) OF TORTS, § 161 cmt. b (1965).

---

4. 35 P.S. § 6020.1114 states:
   Notwithstanding the provisions of any other statute to the contrary, actions for civil or criminal penalties under this act or civil actions for releases of hazardous substances may be commenced at any time within a period of 20 years from the date the unlawful conduct or release is discovered. Actions to recover response costs may be commenced within six years of the date those costs are incurred. The initial action to recover response costs shall be controlling as to liability in all subsequent actions.

On the other hand, if the invasion or trespass in categorized as permanent, then the landowner only has one cause of action:

> A continuing trespass must be distinguished from a trespass which permanently changes the physical condition of the land. Thus, if one, without privilege to do so, enters land of which another is in possession and destroys or removes a structure standing upon the land, or digs a well or makes some other excavation, or removes earth or some other substance from the land, the fact that the harm thus occasioned on the land is a continuing harm does not subject the actor to liability for a continuing trespass. Since his conduct has once for all produced a permanent injury to the land, the possessor's right is to full redress in a single action for trespass, and a subsequent transferee of the land, acquires no cause of action for the alteration of the condition of the land.

RESTATEMENT (2nd) OF TORTS, § 162 cmt. e (1965).

"Regardless of which test is applied, a court deciding when a cause of action accrued (or deciding that the accrual date is a question for the jury) looks at the conduct of the plaintiff to see if the plaintiff had sufficient information to be aware of his or her cause of action, or if the plaintiff acted reasonably to inform himself or herself of the cause of action." *Rohrbach v. AT & T Nassau Metals Corp.*, 888 F.Supp. 627, 633 (M.D.Pa.1994). In this case, the Millers had more than sufficient information in 1988 and 1989 to be aware that there was a potential problem with their land and residence, due to the wide spread press coverage, the problems they were having with keeping their swimming pool and house clear of debris from passing trucks and the fact that they subjected their soil and house to tests for lead readings.

The plaintiffs contend that the trespass is of a continuing nature, and base this argument on the way their claim is plead: "Defendants' actions in receiving, depositing and storing toxic wastes in the vicinity of plaintiffs' homes and properties, and in failing to remove the same, having a legal duty to do so, constitute a continuing trespass and/or continuing tort." (complaint of *Armezzani et. al. v. Gould, Inc.*, 3:CV–94–313, consolidated into *Dombrowski et. al. v. Gould, Inc.*, 3:CV–93–120 at Doc. 33, p. 11 ¶ 78). Although it has been held that drafting a complaint with such legal conclusions permits a party to maintain a claim for a continuing tort, *Graham Oil Co. v. BP Oil Co.*, 885 F.Supp. 716, 726 (W.D.Pa.1994), it is not necessarily true that what or how it is plead is true in itself.

> The issue of whether an injury is permanent is not easily resolved. Courts have indicated in cases where structures or other objects constitute a nuisance, **the injury may be permanent if the nuisance may not be readily remedied, removed or abated at a reasonable expense.** On the other hand, injury causing structures that can be changed or repaired at a reasonable expense have been found to be of a temporary nature which may allow for a continuing tort theory.

*Piccolini v. Simon's Wrecking*, 686 F.Supp. 1063, 1077 (M.D.Pa.1988) (emphasis added).

■ The seminal case of *Sustrik v. Jones & Laughlin Steel Corp.*, 413 Pa. 324, 197 A.2d 44 (1964), established the difference between a continuing and permanent trespass:

> [A] continuing trespass must be distinguished from a trespass that effects a permanent change in the condition of the land. The latter, while resulting in a continuing harm, does not subject the trespasser to liability for a continuing trespass. **If a nuisance at the time of creation is a permanent one, the consequence of which in the normal course of things will continue indefinitely, there can be but a single action therefor to recover past and future damages and the statute of limitations runs against such causes of action from the time it first occurred, or at least from the date it should reasonably have been discovered.**

*Sustrik*, 413 Pa. at 326, 197 A.2d 44 (emphasis added).[5] From the above quoted authori-

---

**5.** This Court as well as other Pennsylvania courts, has relied upon *Sustrik* when dealing with the same issue. *See Merry v. Westinghouse Electric Corp.*, 684 F.Supp. 852, 855 (M.D.Pa.

ties, it is apparent that "[u]nder Pennsylvania law ... the critical distinction is whether the injury is permanent and effects a permanent change in the condition of the land, or whether the action concerns separate and recurrent injuries which cannot be ascertained or estimated so as to be brought in a single action." *Tri–County Business Campus,* 792 F.Supp. at 996.

While invasions such as an overhanging tree branch or recurring flooding have been said to constitute continuing trespasses, *Jones v. Wagner,* 425 Pa.Super. 102, 624 A.2d 166 (1993); *Graybill, supra,* other invasions such as water well contamination, waste dumping, soil contamination from underground storage tanks and coal removal and subsidence therefrom have all been said to have created a permanent change in the land so as to constitute a permanent trespass. *See e.g. Warminster Township Municipal Authority v. United States,* 903 F.Supp. 847 (E.D.Pa.1995); *Graham Oil Co., supra; Tri–County Business Campus, supra; Sustrik, supra.* In this situation involving the site, lead by means of leakage, seepage, runoff, emission and/or erosion had contaminated the surrounding air and groundwater, as well as the soil of the neighboring residences. There is no doubt in the Court's mind that it is a permanent trespass, for any alleged invasion occurred prior to this litigation. Plaintiffs allege that lead contamination is said to have occurred due to the operations at the site. The site stopped operations in the early to mid 1980's and cleanup operations were underway in the late 1980's. At the time of the filing of this complaint, all operations had ceased at the site. Since the alleged invasions or trespasses constitute permanent invasions, the statute of limitations began to run "from the time [the emission] first occurred, or at least from the date it should reasonably have been discovered." *Sustrik,* 413 Pa. at 326, 197 A.2d 44. In the case of the Millers, this would have been when they subjected their real property to soil testing in 1988.

"Generally, whether the statute of limitations has run is a question of law for the court, but may be an issue for the jury if it involves a question of fact. Only where the facts are so clear that reasonable minds cannot differ may the commencement of the limitations period be determined as a matter of law." *Rohrbach,* 888 F.Supp. at 633 (internal quotations and citations omitted). The facts of the Millers indicate that they had their house and soil tested in 1988. (Doc. 62, Exh. D. pp. 47–9; 120–21; Doc. 82, Exh. A). The Millers indicated in responses to their interrogatories that they first learned that there was waste on their property in 1988. (Doc. 62, Exh. E p. 7). Since this action was commenced more than two (2) years after this time, the Millers' trespass and nuisance claims are time barred by Pennsylvania's two year statute of limitations. *See Warminster Township Municipal Authority v. United States,* 903 F.Supp. 847 (E.D.Pa.1995) (where the court held that it did not retain subject matter jurisdiction over the plaintiff's action as the negligence, nuisance and trespass claims were time barred by the two year statute of limitations).

Counsel for plaintiffs urges this Court to hold off on ruling on the issue of the statute of limitations until a fuller factual record is developed. We feel that the record as it pertains to David and Linda Miller is factually solid at this point to address the present motion. Affidavits, depositions and responses to interrogatories submitted by Gould effectively establish the specific time when the Millers knew or should have known that they had sustained an injury and that the injury was caused by the operations and cleanup of the site. Furthermore, we note that counsel for the plaintiffs at this juncture has failed to meet their burden of refuting Gould's contentions, having not submitted any documents or affidavits which would tend to show this Court that there exists a genuine issue of material fact concerning the issue of the statute of limitations.

### CONCLUSION

Based upon the foregoing reasons, we shall grant Gould's motion for partial summary

---

1988); *Graybill v. Providence Township,* 140 Pa. Cmwlth. 505, 593 A.2d 1314 (1991), *aff'd,* 533 Pa. 61, 618 A.2d 392 (1993); *Piccolini, supra;*

*Rohrbach, supra; Graham Oil Co.,* 885 F.Supp. at 724; *Tri–County Business Campus v. Clow Corp.,* 792 F.Supp. 984 (E.D.Pa.1992).

**1014**

judgment. (Doc. 62). We shall dismiss Counts II, III and IV of the plaintiffs' complaint as they pertain the David and Linda Miller. An appropriate Order is attached.

## ORDER

AND NOW, THIS 31 DAY OF DECEMBER, 1996, IT IS HEREBY ORDERED THAT:

1. The "Motion for Partial Summary Judgment of Defendant, Gould Electronics, Inc. (hereinafter "Gould"), to dismiss claims of David and Linda Miller for Diminution in property value and loss of use and enjoyment of property as set forth in Counts II, III and IV of Complaint pursuant to Rule 56(b) of the Federal Rules of Civil Procedure" (Doc. 62) IS **GRANTED.**

2. **Counts II, III and IV** of the complaint **as it pertains to Plaintiffs David and Linda Miller are hereby DISMISSED.**

3. By this Memorandum and Order, we have made the determination that the Millers' negligence claim against Gould is barred by the statute of limitations.

4. By this Memorandum and Order, we have also determined that any trespass which David and Linda Miller claimed to have suffered is a permanent trespass in nature and as a result the two year statute of limitations began to run once the Millers discovered of should have discovered that they had suffered an injury and that the injury was caused by the activities of the site.

5. The remaining counts or claims in this action are the following:

   a) **Count I pursuant to the Pennsylvania Hazardous Sites Cleanup Act**

   b) **plaintiffs' claims for "ongoing medical testing, surveillance, assessment, and monitoring of an ongoing nature" or the plaintiffs' bodily injury claims.**

6. This Memorandum and Order disposes of Document Number 62.

7. The CLERK OF COURT is DIRECTED to MARK the DOCKET SHEET ACCORDINGLY.