

Villanova University School of Law

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2009

# FP Woll & Co v. Fifth and Mitchell

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1622

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"FP Woll & Co v. Fifth and Mitchell" (2009). *2009 Decisions.* Paper 1406.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1406

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1622
_____

F.P. WOLL & COMPANY,
Appellant

v.

FIFTH AND MITCHELL STREET CORPORATION;
FIFTH AND MITCHELL STREET COMPANY;
D.C. FILTER AND CHEMICAL, INC.; DONALD L. KAHLER;
EATON LABORATORIES, INC.; MET-PRO CORPORATION;
PHILADELPHIA NATIONAL BANK;
PNB COMMERCIAL FINANCE CORP.;
LANSDALE FOREST PRODUCTS; HAJOCA CORPORATION;
TOOL SALES & SERVICE, INC.;
CNA INSURANCE COMPANY; CENTENNIAL INSURANCE COMPANY;
JOHN DOES (1-100); ABC CORPORATIONS (1-100);
CONTINENTAL CASUALTY COMPANY;
VALLEY FORGE INSURANCE COMPANY;
PENN AMERICA INSURANCE COMPANY;
JETRONIC INDUSTRIES INC., trading as EATON CHEMICAL CO.

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 96-cv-05973)
District Judge:  Honorable Mary A. McLaughlin

_____

Argued March 24, 2009

Before:  RENDELL, AMBRO and JORDAN, <u>Circuit</u> <u>Judges</u>

(Filed: May 5, 2009)

_____

Louis Giansante, Esq.   **[ARGUED]**
Giansante & Cobb
63 East Main Street
Moorestown,  NJ  08057
   *Counsel for Appellant*

Kevin J. Sommar, Esq.    **[ARGUED]**
Sommar, Tracy & Sommar
210 South Broad Street
P.O. Box 227
Lansdale, PA  19446
   *Counsel for Appellees*
   *Fifth and Mitchell Street Corporation,*
   *and Fifth and Mitchell Street Company*

Jay D. Branderbit, Esq.
Theresa M. Mullaney, Esq.   **[ARGUED]**
Kent & McBride
1617 John F. Kennedy Boulevard
Suite 1200
Philadelphia, PA  19103
   *Counsel for Appellee*
   *Eaton Lab Inc.*

---

OPINION OF THE COURT

---

RENDELL, <u>Circuit Judge</u>.

F.P. Woll & Company ("Woll") appeals from the judgment of the District Court granting it substantial relief against Fifth and Mitchell Street Company ("Fifth Street"), the previous owner of Woll's contaminated site, and Eaton Laboratories, Inc. ("Eaton"), a former tenant that manufactured dry cleaning chemicals at the site.  Woll contends that the relief granted following a bench trial and a jury trial – an award of $346,958.00 and

declaratory relief against the defendants for future response costs and contribution under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607(a), 9613(f), and the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 P.S. § 6020.101 *et seq.*, and against Eaton for similar costs under the Pennsylvania Storage Tank and Spill Prevention Act ("STSPA"), 35 P.S. § 6021.101 *et seq.* – was not substantial enough.[1] Woll urges that the Court should have granted a monetary award for future clean-up costs, and should have permitted recovery of the amount it would have received from an aborted sale of the site as an element of damages. We, like the District Court, reject both of these claims. Woll also levels four other attacks based on the District Court's handling of other aspects of the case. We deal with these summarily below.[2]

Woll seeks reimbursement for future clean-up costs under the STSPA and the HSCA.[3] The District Court denied relief on the basis that future response costs were too speculative to support a monetary judgment. We concur. Woll concedes that neither the

---

[1] Settlements reached between Woll and other defendants totaling $370,000.00 exceeded Eaton and Fifth Street's liability to Woll. Accordingly, although the Court awarded Woll damages, no funds were actually paid to Woll by Fifth Street and Eaton.

[2] The District Court had jurisdiction over the CERCLA claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). We exercise jurisdiction over the judgment entered by the Court under 28 U.S.C. § 1291.

[3] We review the District Court's construction of the STSPA *de novo*. *Salve Regina College v. Russell*, 499 U.S. 225, 231 (1991) (applying *de novo* review to district court's determination of state law).

Environmental Protection Agency ("EPA") nor the Pennsylvania Department of Environmental Protection has indicated that further remedial action is necessary or demanded payment from Woll for future response costs. A. 805. In fact, the EPA omitted the Site from its inventory of possible groundwater contamination sources. A. 805-806. Hence, Woll's first argument is unavailing.[4]

We also reject Woll's contention that declaratory relief was inadequate. The entry of a declaratory judgment ensured Woll prompt reimbursement of reasonable response costs incurred in the future, while protecting Eaton and Fifth Street from an excess judgment in the event further response costs were not incurred. Thus, we agree with the Court's grant of declaratory, rather than additional monetary, relief.

Woll next contends that its claim for tortious interference with contract – based on the failed sale of the site for $1.4 million, which was not completed due to discovery of the contamination – gives rise to damages under the STSPA. We disagree. The Pennsylvania Supreme Court has framed the damages recoverable under the STSPA as "clean up and diminution in property value." *Centolanza v. Lehigh Valley Dairies, Inc.*, 658 A.2d 336, 340 (Pa. 1995). *Centolanza* instructs that the STSPA, a "remedial statue," should be "liberally construed." It allowed for the recovery of clean-up costs and

---

[4] We reject Woll's claim for natural resource damages under the HSCA on similar grounds. The District Court properly concluded that, absent an agency determination that Woll destroyed natural resources, these damages were too speculative to support monetary relief.

4

property diminution, but did not indicate those damages were exclusive. Indeed, following *Centolanza*, lower Pennsylvania courts have also allowed for recovery of personal injury damages. *See Wack v. Farmland Indus., Inc.*, 744 A.2d 265 (Pa. Super. Ct. 1999); *Bruni v. Exxon Corp.*, 52 Pa. D&C 484, 2001 WL 1809819 (Com. Pls. 2001); *see also Krebs v. United Refining Co. of Pa.*, 893 A.2d 776, 786 (Pa. Super. 2006) (confirming that private plaintiffs can bring STSPA claims for cleanup, diminution in property value, and personal injury). *Centolanza*, however, made clear that the damages recoverable under the STSPA only reach as far as necessary to promote the goal of the Act – the prompt clean-up of spills. *See id.* Damages for diminution in property value, which typically approximate lost proceeds, serve this purpose and are already recoverable. The jury considered diminution in property value in determining its damages award. Duplicating this element of damages would produce a windfall, not promote prompt clean-up. We therefore reject this novel theory of damages.[5]

Woll also levels four ancillary attacks on the District Court's rulings. First, Woll

---

[5] Woll also asks the Court to certify to the Pennsylvania Supreme Court the following issues: (1) whether the STSPA or the HSCA authorizes recovery of lost proceeds from the sale of real estate on the basis of tortious interference with contract; (2) whether the HSCA authorizes recovery of damages for property diminution and future clean-up costs; (3) whether the HSCA authorizes an award of attorneys' fees; and (4) whether soil contamination constitutes a "continuing trespass" for purposes of the statute of limitations. Each of these issues concerns settled law, does not control the outcome of the case, or does not present an issue of "substantial public importance" requiring "prompt and definitive resolution" by the Pennsylvania Supreme Court. *See* 210 Pa. Code § 63.10; 3d Cir. L.A.R. 110.1. Accordingly, Woll's request for certification is denied.

5

contends that the Court improperly concluded that its common law claims were barred by the applicable statute of limitations. Although Woll filed its complaint after the statute of limitations expired, it insists that environmental contamination constitutes a "continuing trespass" that tolls the statutory period. Woll's argument is foreclosed by precedents classifying soil and groundwater contamination as a permanent change rather than a continuing trespass. *See Dombrowski v. Gould Electronics, Inc.*, 954 F.Supp. 1006, 1013 (M.D. Pa. 1996) ("invasions such as water well contamination, waste, dumping, [and] soil contamination from underground storage tanks . . . have all been said to have created a permanent change in the land so as to constitute a permanent trespass."); *Tri-County Business Campus Joint Venture v. Clow Corp.*, 792 F.Supp. 984, 996 (E.D. Pa. 1992) (concluding that the depositing of hazardous waste, a "completed act at the time that the property was conveyed," constitutes a permanent trespass); *see also Sustrik v. Jones & Laughlin Steel Corp.*, 197 A.2d 44, 46 (Pa. 1964) (treating actions "effect[ing] a permanent change in the condition of the land" as permanent trespasses). Thus, the District Court's dismissal of these claims was proper.

Second, Woll contends that the District Court erred in rejecting a settlement agreement executed by Woll and Harold Bixler, the former secretary and treasurer of Eaton, which granted Bixler a release from suit in exchange for a monetary judgment against Eaton and the assignment of Eaton's rights against its insurer. Woll contends that its contact with Bixler was permissible under the Pennsylvania Rules of Professional

Conduct. However, Woll's argument is not responsive to the two grounds on which the Court actually rejected the settlement agreement – that Bixler lacked actual, apparent, or implied authority to settle on behalf of Eaton, and that Bixler and Eaton possessed conflicting interests, which rendered the agreement unenforceable against Eaton. Finding the District Court's conclusions reasonable, we decline to enforce the settlement agreement.

Third, Woll contends that the District Court erred in permitting Eaton's expert, Mr. Heydt, to opine on the types of damages available under the STSPA. At the jury trial, Mr. Heydt testified that lost sales proceeds did not constitute a form of consequential damages recoverable under the STSPA. Woll contends that this testimony exceeded Mr. Heydt's expertise as a forensic accountant. Even assuming that admission of the testimony was error, Woll does not identify any prejudice therefrom. Because Judge McLaughlin concluded that lost sales proceeds were not recoverable under the STSPA as a matter of law, Mr Heydt's testimony did not impact the jury determination. A new trial on this ground is thus unwarranted.

Fourth, Woll challenges the Court's partial grant of attorneys' fees. We lack jurisdiction to decide this issue because Woll did not appeal the Court's order regarding fees, and the judgment appealed from did not implicitly or explicitly decide the issue. *See White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451 n.13 (1982) ("fee questions are not inherently or necessarily subsumed by a decision on the merits.");

7

*see also Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 200 (1988) (holding that a request for attorneys' fees does not seek "reconsideration of matters properly encompassed in a decision on the merits" and is thus "collateral to" and "separate from the decision on the merits" (quoting *White*, 455 U.S. at 451-52)); *In re Colon*, 941 F.2d 242, 245 (3d Cir. 1991) (treating attorneys' fees "apart from the merits for purposes of appeal").[6]

For the foregoing reasons, we will AFFIRM the order of the District Court.

---

[6] In its supplemental brief, Woll withdrew its argument that the dismissal of its CERCLA claims was error.