## Currier *v.* Bilger, Appellant.

*Trespass—Damages—Settlement.*

A settlement for damages sustained by a trespass will bar a suit therefor.   There cannot first be a recovery for the damages for the injury, and then a suit for the consequences of the injury.

Argued April 18, 1892.   Appeal, No. 50, Jan. T., 1892, by defendant, Jacob Bilger from judgment of C. P. Clearfield Co., Dec. T., 1890, No. 220, on verdict for plaintiff, J. Currier.   Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Appeal from justice in trespass to recover damages for death of plaintiff's horse as the result of being gored by defendant's bull.

The facts appear by the opinion of the Supreme Court.   The case was tried before KREBS, P. J.   The verdict was for the plaintiff for $160.

*Error assigned* was, among others, the refusal of defendant's second point, given in the opinion, quoting it.

*John H. Orvis, George M. Bilger* and *J. Frank Snyder* with him, for appellant.

*A. L. Cole,* of *Cole & McQuown,* for appellee.

OPINION BY MR. CHIEF JUSTICE PAXSON, May 2, 1892 :

We are of opinion that the defendant's 2d point should have been affirmed.    The point was as follows :  " If the jury believe that the plaintiff, on June 27, 1890, agreed to take from the defendant $15.00 in full satisfaction of the damages caused by goring of plaintiff's horse by defendant's bull, and the defendant then and there paid the amount agreed upon, the subsequent death of the horse would not enable the plaintiff to maintain an action for the same injury, the damage for which had been settled."

In order to understand this point, it is necessary to state that the plaintiff's horse had been gored by defendant's bull.    Shortly thereafter a settlement took place between the parties, as will appear by the following receipt :

" PENNVILLE, Pa., June 27, '90.

" Received, of Jacob Bilger, fifteen dollars ($15.00), for damage sustained by bull hooking horse.    In full.

" (Signed)    J. CURRIER."

A week after the settlement the plaintiff's horse died, as is supposed, from the effect of the injury.    Shortly thereafter, the plaintiff brought this suit to recover the value of the horse, before a justice of the peace, and obtained a judgment for $160, from which judgment the defendant appealed to the court of common pleas.    On the trial in the court below the defendant set up this receipt as a bar to the action, and the 2d point referred to, prayed for an instruction to that effect.    The point was refused and a bill sealed.

While it is settled law that a contract made under a mistake, or in ignorance of material facts, may be relieved against in equity, we have no such question here.    There was no mutual mistake of the parties as to any material fact.    The only fact in the case was, that the plaintiff's horse had been gored by the defendant's bull.    As to this there was no mistake, and each party was fully informed.    The consequences resulting from

this fact were of course unknown to either party, with any degree of certainty. The plaintiff made the mistake of underestimating the consequences of the injuries of his horse, and of making a settlement with the defendant before they were accurately ascertained. This may be his misfortune, but it is one which the law cannot remedy. No one will contend that if he had brought suit for this $15, and recovered, he could have maintained a second suit after the death of the horse. He could not have had two suits for the one injury: Logan v. Caffrey, 30 Pa. 196. Nor can he, after settling with the defendant, sustain a suit to recover additional damages for the same injury. In other words, he cannot first recover for the damages for the injury, and then sustain a suit for the consequences of the injury.

Judgment reversed.