## Sustrik, Appellant, *v.* Jones & Laughlin Steel Corporation.

Argued October 4, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused February 13, 1964.

*Paul A. Simmons,* with him *Tempest & Simmons,* for appellants.

*H. Gilmore Schmidt,* with him *Schmidt & Allison,* for appellee.

OPINION BY MR. JUSTICE EAGEN, January 7, 1964:

This is an action of trespass, in the nature of quare clausum fregit wherein the lower court entered a compulsory nonsuit. Plaintiffs appeal.

The plaintiffs are the owners by the entireties of a tract of coal-bearing land in Washington County, Pennsylvania. The defendant-corporation is the owner of adjoining lands upon which is conducted a coal mining operation.

The plaintiffs charge the defendant with and seek recovery of damages, for the unlawful removal of a quantity of coal from underneath the surface of their land; in causing damage to buildings thereon due to a subsidence allegedly resulting from the removal of the coal, and, also for an unlawful trespass consisting of the installation of an underground sewer line which drains water from the defendant's mine across plaintiffs' property to a nearby creek. The present action was begun on June 12, 1959.

It appears that the plaintiffs instituted a similar action in February 1957, wherein they sought the recovery of damages from the same defendant for the removal and retention of the same coal involved herein. After several days of trial, that issue was settled and discontinued by agreement of the parties and approval of the court, conditioned upon the payment of a stipulated sum of money from the defendant to the plaintiffs. A draft in the sum agreed upon was delivered.

Subsequently, the plaintiffs attempted to disaffirm the settlement agreement and have the case reopened. The trial court refused the request. Its action was affirmed on appeal: *Sustrick v. Jones & Laughlin Steel Corp.,* 189 Pa. Superior Ct. 47, 149 A. 2d 498 (1959).

The present claim in so far as it involves the recovery of damages for the removal of the coal and damage to the buildings on plaintiffs' land is barred by the settlement and discontinuance of the 1957 action. As between the parties involved, the settlement and discontinuance had the same effect as the entry of a judgment for the defendant in the proceedings. As between the parties to the action, it is conclusive as to the

cause of action asserted therein : *Baumgartner v. Whinney,* 156 Pa. Superior Ct. 167, 39 A. 2d 738 (1944) ; *Currier v. Bilger,* 149 Pa. 109, 24 A. 168 (1892) ; *Berg v. Cypher,* 291 Pa. 276, 139 A. 844 (1927) ; *Sale v. Ambler,* 335 Pa. 165, 6 A. 2d 519 (1939).

As to the coal for which recovery is sought, there can be no doubt but that the same identical question presented in the 1957 action is in relitigation here. The identity of the cause of action is obvious. It is one and the same in both suits. The 1957 action settled that issue once and for all. It cannot now be resurrected. See, *Federal Land Bank v. Putnam,* 350 Pa. 533, 39 A. 2d 586 (1944) ; and *London v. Philadelphia,* 412 Pa. 496, 194 A. 2d 901 (1963).

The same conclusion is inescapable as to the claim for damages involving the buildings injured by the subsidences. The basic cause of action in the 1957 case was the removal of the coal. See, *Pantall v. Coal & Iron Co.,* 204 Pa. 158, 53 A. 751 (1902). The present claim is premised upon the same violation of duty. While the relief sought is enlarged, no new cause of action is presented. The violation of duty in both actions was the removal of the coal, not the damages resulting therefrom. The damages sought are but a consequence of the original trespass. See *Pantall v. Coal & Iron Co.,* supra; *Simodejka v. Williams,* 360 Pa. 332, 62 A. 2d 17 (1948) ; and *London v. Philadelphia,* supra. The final determination of the 1957 action precludes the plaintiffs from maintaining this suit, even though other grounds for relief are asserted than those presented in the original action. That action was conclusive, not only as to those matters that actually were litigated, but also of those matters which could have been litigated therein. Restatement, Judgments, §63; *Jones v. Costlow,* 354 Pa. 245, 47 A. 2d 259 (1946) ; *Irwin Boro. S. D. v. N. Huntingdon Twp. S. D.,* 374

Pa. 134, 97 A. 2d 96 (1953) ; and, *Goldstein v. Ahrens,*
379 Pa. 330, 108 A. 2d 693 (1954).

The claim for damages based upon the trespass and
installation of the sewer pipe is barred by the statute
of limitations. This pipe was installed, according to
plaintiffs' testimony, either in the year 1914 or 1915,
more than forty years before the present action was in-
stituted. While constructed underground, it was clear-
ly visible in certain sections on plaintiffs' property,
particularly, where the water exits. These conditions
existed when the plaintiffs purchased their property
on September 11, 1952.

It is argued that this intrusion on plaintiffs' prop-
erty constituted a continuing trespass giving right to
recovery for injury suffered during the continuance
thereof, and that an action may be maintained for any
loss occurring during the six-year period immediately
prior to the commencement of the action. See, Restate-
ment, Torts, §162. However, a continuing trespass
must be distinguished from a trespass that effects a
permanent change in the condition of the land. The
latter, while resulting in a continuing harm, does not
subject the trespasser to liability for a continuing tres-
pass. See, Restatement, Torts, §162, comment d. If
a nuisance at the time of creation is a permanent one,
the consequences of which in the normal course of
things will continue indefinitely, there can be but a
single action therefor to recover past and future dam-
ages and the statute of limitations runs against such
cause of action from the time it first occurred, or at
least from the date it should reasonably have been dis-
covered. See, 3 Cooley, Torts, §449 (4th ed. 1932) ; 34
Am. Jur., Limitation of Actions, §131; 87 C.J.S., Tres-
pass, §§71, 119; *Baugh v. Bergdoll,* 227 Pa. 420, 76 A.
207 (1910).

Judgment affirmed.

Mr. Justice Cohen concurs in the result.