454 A.2d 1051

COUNTY OF ALLEGHENY, Appellant

v.

MERRIT CONSTRUCTION COMPANY, INC. a Corporation
and Georgetown Development Company, Inc.,
a Corporation

v.

MOON TOWNSHIP MUNICIPAL AUTHORITY.

Superior Court of Pennsylvania.

Submitted May 20, 1982.

Filed Dec. 23, 1982.

Howard M. Louik, County Solicitor, Pittsburgh, for appellant.

Louis Anstandig, Pittsburgh, for appellees.

Before ROWLEY, CIRILLO * and VAN der VOORT, JJ.

CIRILLO, Judge:

This is an appeal from the order of the Court of Common Pleas of Allegheny County, dated July 21, 1981, granting

* This writer was assigned this case on October 25, 1982.

Judgment on the pleadings in favor of the defendants-appellees on the grounds that plaintiff-appellant's action was barred by the statute of limitations. We affirm.

The appellant, County of Allegheny (hereinafter "County") is and was at all times relevant to this lawsuit, the owner of a right of way known as "Spring Run Road Extension" (hereinafter "the road") located in Moon Township, Allegheny County, Pennsylvania. The appellees, Merrit Construction Company, Inc. (hereinafter "Merrit") and Georgetown Development Company, Inc. (hereinafter "Georgetown") are the owners of 40.18 acres of real property, a portion of which lies adjacent to the road. In the course of the construction of a residential development, the appellees, Merrit and Georgetown excavated portions of the hillside along this road. In March 1977, a landslide occurred which caused loss of subjacent and lateral support. Subsequently, vehicular traffic was barred from use of the road because of the landslide. On January 27, 1978 an additional movement of the original landslide occurred causing further erosion of subjacent and lateral support. On June 29, 1978, the County awarded a contract for the repair and improvement of this area, which included restoring the lost support and construction of a crib wall on the appellee's property to prevent further landslides. Work began on the project on November 13, 1978. On May 6, 1980, the County filed this action to recover the reasonable and necessary cost of repair to the road. The appellees, Merrit and Georgetown and an additional defendant, Moon Township Sanitary Authority, filed Answers raising in New Matter the defense of statute of limitations as set forth at 42 Pa.C.S.A. § 5524(4).[1] The County was permitted to amend its Response to New Matter to allege a continuing trespass to real property.

1. Act of July 9, 1976, P.L. 586, No. 142 § 2.
   The following actions and proceedings must be commenced within two years:
   . . . .
   (4) An action for waste or trespass of real property.

Judgment on the pleadings is appropriate only where no material facts are in dispute. *Penna. Assn. of State Mental Hospital Physicians, Inc. v. State Emp. Retirement Board,* 484 Pa. 313, 399 A.2d 93 (1979); *Nevling v. Natoli,* 290 Pa.Super. 174, 434 A.2d 187 (1981). To succeed on a motion for judgment on the pleadings, the moving party's right to prevail must be so clear that a trial would be clearly a fruitless exercise. *Keil v. Good,* 467 Pa. 317, 356 A.2d 768 (1976); *Nevling, supra;* Pa.R.C.P. No. 1034, 42 Pa.C.S.A.[2]

In its Amended Reply to Defendants' New Matter the appellant merely asserted the landslide constituted a "continuing trespass" and that the statute of limitations did not begin to run until cessation of the trespass on November 13, 1978, the date that the County began work on the project.

The concept of a "continuing trespass" is defined under the Restatement of Torts, § 161, comment (b) which provides:

> b. **Continuing trespass.** The actor's failure to remove from land in the possession of another a structure, chattel or other thing which he has tortiously erected or placed on the land constitutes a continuing trespass for the entire time during which the thing is wrongfully on the land and, except where **Comment d** applies, confers on the possessor of the land an option to maintain a succession of actions based on the theory of continuing trespass or to treat the continuance of the thing on the land as an aggravation of the original trespass.

A permanent trespass is defined by the Restatement of Torts, Section 162, comment (e) as follows:

> **Effect of a permanent change in the condition of the land.** A continuing trespass must be distinguished from a trespass which permanently changes the physical condition of the land. Thus, if one, without a privilege to do

---

**2.** Adopted June 25, 1946.

(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.

so, enters land of which another is in possession and destroys or removes a structure standing upon the land, or digs a well or makes some other excavation or removes earth or some other substance from the land, the fact that the harm thus occasioned on the land is a continuing harm does not subject the actor to liability for a continuing trespass. Since his conduct has once for all produced a permanent injury to the land, the possessor's right is to full redress in a single action for the trespass, and a subsequent transferee of the land, as such, acquires no cause of action for the alteration of the condition of the land.

This issue was specifically addressed by our Supreme Court in *Sustrik v. Jones & Laughlin Steel Corp.*, 413 Pa. 324, 197 A.2d 44 (1964), which stated,

[A] continuing trespass must be distinguished from a trespass that effects a permanent change in the condition of the land. The latter, while resulting in a continuing harm, does not subject the trespasser to liability for a continuing trespass. If a nuisance at the time of creation is a permanent one, the consequences of which in the normal course of things will continue indefinitely, there can be but a single action therefore to recover past and future damages and the statute of limitations runs against such cause of action from the time it first occurred, or at least from the date it should reasonably have been discovered. (citations omitted)

*Id.*, 413 Pa. at 328, 197 A.2d at 47.

In reply to appellees' New Matter raising the statute of limitations, appellant did not assert any new factual basis for defeating the appellees' affirmative defense, nor did appellant allege any continuing activity on the part of the appellees.

The damage in the instant matter, was sustained in two separate incidents, one in March 1977, and another on January 27, 1978. The loss of subjacent and lateral support was the result of these two landslides. While the harm which occurred continued until the repair was initiated on

November 13, 1978, the trespass itself was a single action which resulted in this harm. This is definitely a permanent trespass as defined by the Restatement of Torts § 162 comment (b) and exactly the situation the court addressed in *Sustrik*. In that case, a sewer pipe had been installed on plaintiff's property more than forty years prior to the time that suit was commenced. The Supreme Court rejected the plaintiff's contention that this was a continuing trespass.[3]

In the instant case, appellant cites a number of California cases in support of the contention that this landslide was not a permanent trespass. While we would point out that California law is not controlling, we also note that those cases cited by appellant are clearly distinguishable from the instant matter. In *Carbine v. Meyer*, 126 Cal.App.2d 386, 272 P.2d 849 (1954), the court held that three separate isolated instances of trespass over a period of five years did not result in a permanent trespass. Therefore, a cause of action instituted one month after the final episode was not barred by the statute of limitations. In *Phillips v. City of Pasadena*, 27 Cal.2d 104, 162 P.2d 625 (1945), the defendant had erected a gate, which unlawfully obstructed a road. The court held that if a nuisance may be discontinued at any time it is continuing in character. Consequently, each time the gate was erected it constituted a new cause of action. Following that reasoning to its logical conclusion, in the instant case, the last landslide would have provided the most recent trespass and appellant's cause of action would be barred. The court in *Phillips* held that the gate did not constitute a permanent nuisance since it could be removed at any time. That is not so in the instant matter. A

**3.** Appellant's contention that the statute of limitations runs from November 13, 1978, the time that repairs were commenced, could result in exactly the situation in *Sustrik*. If we accepted this argument, a plaintiff could wait 20 years to repair the damage and then file suit within the two year period following those repairs. It is not at all hard to foresee that this would permit future plaintiffs to delay filing suit until such time as they would capriciously so desire. This could result in lawsuits being initiated years after the harm originally occurred and would be extremely unfair to unsuspecting potential defendants.

landslide is a permanent change, which is not easily removed. Finally, in *Polin v. Chung Ho,* 8 Cal.App.3d 673, 87 Cal.Rptr. 591 (1970), the court held that the diversion of a stream and storm drain by the defendant from plaintiff's property, which resulted in erosion during and after each rain, was a continuing trespass, notwithstanding that the defendants had completed the bulldozing more than three years prior to the filing of the cause of action. Here the original act resulted in subsequent reoccurring problems after every rain. In the instant case, no further harm had occurred since the last landslide in 1978.

Accordingly, we find that the landslide resulted in a permanent trespass. The appellant's cause of action accrued at the latest on January 27, 1978. Since the appellant did not commence suit by January 27, 1980, its cause of action is barred by the statute of limitations. The lower court quite properly granted judgment on the pleadings.

Order and judgment affirmed.