## McNay v. Gateway Coal Co.

*Steven B. Wolf,* for plaintiffs.
*David B. Fawcett III,* for defendant.

RODGERS, *S.J., specially presiding,* April 9, 1991—In this case, plaintiffs, John C. McNay and Kathy NcNay, his wife, are seeking money damages from defendant, Gateway Coal Company, claiming that the mining activities of the Gateway Coal Company on adjoining land in 1982 severely impaired the quality and quantity of potable water from a water well on plaintiffs' land which had served all domestic purposes of plaintiffs' tenants, causing both of their tenants to move.

Defendant, Gateway Coal Company, claims it is entitled to summary judgment because plaintiffs have allegedly waived any money damages by reason of an exception and reservation in deeds in the plaintiffs' chain of title waiving damages for removal of coal, and that the claim is also barred by the two-year statute of limitations as set forth in 42 Pa.C.S. §5524(4) or 42 Pa.C.S. §5524(7).

This court holds that the waiver-of-damages clause in the deeds in plaintiffs' chain of title does not bar this action as plaintiffs' action is based on the theory of a non-trespassory invasion of plaintiffs' land from adjoining property, in the nature of a private nuisance, and is not an action for removal of the coal underlying plaintiffs' property itself. This court finds that the issue is controlled by the case of *Hughes v. Emerald Mines Corporation,* 303 Pa. Super. 426, 450 A.2d 1 (1982).

Defendant's major contention however, is that plaintiffs action is barred by reason of a two-year statute of limitations, claiming that the injury complained of was a permanent trespass, citing *Sustrik v. Jones & Laughlin Steel Corp.,* 413 Pa. 324, 197 A.2d 44 (1964).

In *Sustrik,* the Pennsylvania Supreme Court said this, 413 Pa. at 328, 197 A.2d at 46-47:

"The claim for damages based upon the trespass and installation of the sewer pipe is barred by the statute of limitations. This pipe was installed, according to plaintiffs' testimony, either in the year 1914 or 1915, more than 40 years before the present action was instituted. While constructed underground, it was clearly visible in certain sections on plaintiffs' property, particularly, where the water exits. These conditions existed when plaintiffs purchased their property on September 11, 1952.

"It is argued that this intrusion on plaintiffs' property constituted a continuing trespass giving right to recovery for injury suffered during the continuance thereof, and that an action may be maintained for any loss occurring during the six-year period immediately prior to the commencement of the action. See, Restatement, Torts, §162. However, a continuing trespass must be distinguished from a trespass that effects a permanent change in

the condition of the land. The latter, while resulting in a continuing harm, does not subject the trespasser to liability for a continuing trespass. See, Restatement, Torts, §162, comment d. If a nuisance at the time of creation is a permanent one, the consequences of which in the normal course of things will continue indefinitely, there can be but a single action therefor to recover past and future damages and the statute of limitations runs against such cause of action from the time it first occurred, or at least from the date it should reasonably have been discovered.''

The *Sustrik* case should be compared with the case of *Smith v. Bell Telephone Co.,* 397 Pa. 134, 153 A.2d 477 (1959). In *Smith,* the Supreme Court of Pennsylvania said this:

"In 1948 defendant, Counties Contracting and Construction Company, under contract to defendant, Bell Telephone Company of Pennsylvania, constructed an underground conduit to carry telephone lines along Baltimore Avenue in Lansdowne, Pennsylvania. In 1950 after an inspection which revealed no structural or other defects, plaintiff purchased a house on Baltimore Avenue. Sometime prior to March 25, 1951, he discovered seepage in his basement, which proved to be sewage backed up from the sewer lateral running from his home to the street. He made efforts several times that summer, with varying degrees of success, to find the cause and cure the trouble. These efforts continued from time to time until September 1956, when, in desperation, plaintiff and a friend tunnelled under the sidewalk, found that the telephone conduit had crushed the sewer lateral and was blocking it. Plaintiff brought suit September 19, 1957 and, after presenting evidence, met with a compulsory nonsuit which the court later refused to take off. The refusal

was based on two grounds: (1) That plaintiff had not made out a prima facie case, and (2) that the action was barred by the statute of limitations.

"As for the statute of limitations, there seems to be no dispute here that the statute runs on causes arising from sub-surface injury, from the time of discovery of the cause of the harm to the time when the cause of the harm reasonably should have been discovered, whichever is earlier. *Lewey v. Fricke Coke Co.,* 166 Pa. 536, 31 A. 261 (1895). The same principle has been adverted to in a cause arising from the alleged malpractice of a surgeon in failing to provide for the removal, at the proper time, of a rubber tube lift in the patient's wound, which was invisible from the outside. *Byers v. Bacon,* 250 Pa. 564, 95 A. 711 (1915). Since plaintiff started suit about a year after he discovered the cause of the harm we are concerned only with when he reasonably should have discovered it. The court below found that a reasonable time within which the cause would have been discovered would have been about one month from the time he discovered the seeping sewage in March 1951. It would appear that had the plaintiff in 1951 made the same intensive effort he did in 1956, or had he had a plumber do it for him, he may have uncovered the cause. But he explained he did not have much money and the cost of doing this was not the subject of a definite estimate. This does not pose a question for the court but for the jury.

"Whether the statute has run on a claim is usually a question of law for the judge, but where, as here, the issue involved a factual determination, i.e., what is a reasonable period, the determination is for the jury. *Chittenholm v. Giffin,* 361 Pa. 454, 65 A.2d 371 (1949); *Chittenholm v. Giffin,* 357 Pa. 616, 55 A.2d 324 (1947); *Gallagher v. Silver Brook Coal Co.,* 61 Pa. Super. 1 (1915). That a householder might not

soon discover the cause of his blocked drain to be that the pipe had been crushed by a 210-pound section of conduit of whose existence he was not aware, particularly when he, as here, has made efforts, with some degree of apparent success, to locate and cure the stoppage, does not seem to us to be unreasonable. Furthermore, plaintiff points out that the injury here is in the nature of a continuing nuisance giving rise to causes of action so long as it continues. As to this the lower court ruled that any damages which occurred within the period of the statute of limitations even if caused by defendants' negligence were suffered because of plaintiffs' contributory negligence, and recovery was therefore barred. For reasons similar to those outlined above, we believe that ruling was incorrect. It may be that plaintiff will not be found to be entitled to damages for the entire five years he searched and bailed, but it is for the jury, not the trial judge or this court, to decide the reasonableness of plaintiff's conduct."

In the case of *Kane Gas Light and Heating Co. v. Pennzoil Co.,* 95 F.R.D. 531 (W.D. Pa. 1982), the plaintiff claimed that the defendant had invaded the subsurface oil and gas sands of the plaintiff as a result of the defendant commencing the injection of water pressure in its water flood operations. Judge Weber held that on the basis of the defendant's representations, the plaintiff was not aware of the subsurface invasion of its own wells until sometime after it occurred. Defendant then claimed that the plaintiff was under a duty to use reasonable diligence to discover the trespass and that around 1976 or 1977, by installing a bore hold at a cost of $25,000, the plaintiff would have discovered the trespass. However, the court held that whether the plaintiff had exercised reasonable diligence required a complete factual record and refused to grant summary judgment.

Judge Weber cited, with approval, the case *Smith v. Bell Telephone Co., supra,* as authority for the proposition that the statute of limitations does not bar an action in trespass if the wrong continues to be present. In *Smith,* the Supreme Court of Pennsylvania held that a continuing wrong would give rise to a continuing cause of action but that, in any event, it was for the jury to determine if the plaintiff had acted with reasonable diligence in discovering his cause of action.

The Restatement (Second) of Torts, §161, says this:

"§161. Failure to Remove Thing Tortiously Placed on Land

"(1) A trespass may be committed by the continued presence on the land of a structure, chattel, or other thing which the actor has tortiously placed there, whether or not the actor has the ability to remove it.

"Comment on Subsection (1):

"*b. Continuing trespass*: The actor's failure to remove from land in the possession of another a structure, chattel, or other thing which he has tortiously erected or placed on the land constitutes a continuing trespass for the entire time during which the thing is wrongfully on the land and, except where Comment *d* applies, confers on the possessor of the land an option to maintain a succession of actions based on the theory of continuing trespass or to treat the continuance of the thing on the land as an aggravation of the original trespass. As to when the possessor may recover in a single action for future invasions, see §930.

"Illustration:

"1. A, without B's consent or other privilege to do so, erects on his own land a dam which backs up water on B's land. This is a trespass, which contin-

ues so long as A maintains his dam in such a way as to flood B's land.''

In *Smith,* the defendant telephone company constructed an underground conduit that crushed a sewer lateral causing sewage to back into the plaintiff's basement. The court held that this activity of the defendant was in the nature of a continuing nuisance giving rise to causes of actions as long as it continued.

In *Sustrik,* the defendant installed an underground sewer line which drained water across the plaintiff's property to a nearby creek. The court held the defendant's action was not a continuing trespass, but a permanent change in the physical condition of the plaintiff's land.

This court finds it difficult to reconcile the explanation of what constitutes a continuing trespass in *Smith* with the explanation in *Sustrik.*

Of course, in *Sustrik,* certain sections of the sewer line were clearly visible on plaintiff's property where the water exited, and the pipe had been installed more than 40 years before plaintiff's action was instituted. Thus, the defendant may well have acquired an easement in plaintiff's land by adverse use before plaintiff's action was brought. Restatement (Second) of Torts, §161 Comment *d.*

However, the *Sustrik* rationale concerning the nature of a permanent change as distinguished from a continuing trespass has been followed in numerous other cases which defendant has cited in its briefs.

The case authorities following the *Sustrik* decision of the Supreme Court of Pennsylvania do not support plaintiff's contention that the mining activities of defendant which caused their water problem is a continuing trespass.

However, both *Sustrik* and *Smith* agree that the statute of limitations on causes arising from subsurface injury runs from the time of discovery of the

cause of harm or the time when the cause of the harm reasonably should have been discovered, whichever is earlier.

Here, plaintiffs claim that by reason of certain representations of the defendant, they did not reasonably discover their cause of action until after they had engaged an expert geologist who had given them his report in February 1985.

Defendants claim that long prior to that time, plaintiffs had engaged legal counsel who had made claim that defendants' mining activity had caused their water problem. However, as pointed out by the Pennsylvania Supreme Court in the *Smith* case and by Judge Weber in the *Pennzoil Co.* case, what is a reasonable period during which plaintiffs should have discovered their cause of action is a factual determination to be made not by this court but by the jury.

Accordingly, defendant's motion for summary judgment is denied.

## ORDER OF COURT

And now, April 9, 1991, defendant's motion for summary judgment is denied.