IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hunting Ridge Community Services          :
                                          :
                v.                        :    No. 1274 C.D. 2024
                                          :    Submitted:  July 7, 2025
Robert B. Fryer,                          :
                      Appellant           :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MATTHEW S. WOLF, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED:  August 13, 2025


Robert B. Fryer, pro se, appeals the Order of the Court of Common Pleas of Allegheny County (trial court), exited June 24, 2024, which denied with prejudice Mr. Fryer's petition to "withdraw" a settlement agreement reached between Mr. Fryer and Hunting Ridge Community Services (Hunting Ridge) and to "strike" Hunting Ridge's appeal of an arbitration award (Petition), and directed Mr. Fryer to comply with the terms of the settlement agreed upon during the January 19, 2024 hearing in this matter.  Mr. Fryer argues the trial court erred in entering the Order because he mistakenly agreed to the settlement, which did not include any pauses in the monthly payment schedule if he does not have income in a given month, and the trial court did not allow Mr. Fryer to present his entire argument as to the underlying merits of the matter during a hearing on the Petition.  After review, we affirm the Order because the trial court did not err in concluding that the settlement agreement

is a valid, enforceable contract or in preventing Mr. Fryer from presenting his entire argument on the underlying merits of the matter during the hearing on the Petition.

## I. BACKGROUND

Mr. Fryer owns and resides at a home located in a community managed by Hunting Ridge. In October 2020, Hunting Ridge fined Mr. Fryer $100 for parking a motor vehicle in a prohibited area of the community. Mr. Fryer subsequently appealed the fine, which Hunting Ridge's Environmental Protection Board denied.

After refusing to pay the fine, Mr. Fryer initiated a civil action against Hunting Ridge before a magisterial district judge (MDJ) on April 1, 2022. In response, Hunting Ridge filed a counterclaim, requesting that the MDJ enter a judgment in its favor of $371.23 for the fine and associated fees, plus any legal costs and fees. The MDJ entered the requested judgment, awarding $2,007.72 for judgment, costs, and attorney fees. Mr. Fryer appealed the MDJ's judgment to the trial court.

Upon the appeal, Hunting Ridge filed a complaint with the trial court, seeking a judgment of $2,221.39, plus attorney fees, interest, and costs for the remainder of the litigation. On March 15, 2023, a panel of arbitrators awarded Hunting Ridge only $611. Hunting Ridge appealed the arbitration award, and a non-jury trial was eventually scheduled for January 19, 2024.

On January 19, 2024, Mr. Fryer and Hunting Ridge appeared before the trial court for the scheduled, non-jury trial. At the hearing, Mr. Fryer was represented by counsel. Instead of trying the case, the parties elected to memorialize the terms of a settlement agreement they reached by discussing the terms on the record. The agreed-to terms included Mr. Fryer paying Hunting Ridge $7,200 over a 36-month period in exchange for ending the litigation. When directly asked if he agreed to the settlement agreement, Mr. Fryer responded: "Yes. . . . It's over. I want to pay it

off." (1/19/2024 Tr. at 28; *see also id.* at 11 (Mr. Fryer's counsel, stating: "[W]e came here to put the settlement on the record").)

Despite agreeing to settle the matter, Mr. Fryer, now pro se, filed the Petition with the trial court. Therein, Mr. Fryer argued that the trial court should "withdraw[]" the settlement agreement because the 36-month payment schedule did not provide for any pauses if Mr. Fryer lacked income during a given month for various reasons. (Petition at 3.) Additionally, Mr. Fryer requested that the trial court "strike" Hunting Ridge's appeal of the arbitration award. (*Id.* at 16.)

After considering the Petition and Hunting Ridge's response thereto, the trial court denied the Petition with prejudice and directed Mr. Fryer to comply with the terms of the settlement agreement reached on the record during the January 19, 2024 hearing. In an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), the trial court opined that it denied the Petition because there was ample evidence to establish that Mr. Fryer and Hunting Ridge entered into a valid, enforceable settlement agreement during the January 19, 2024 hearing. That Mr. Fryer may now have "settler's remorse" over the terms of the settlement agreement, the trial court reasoned, does not negate the creation of the agreement or render it unenforceable. (1925(a) Opinion at 4.)

Mr. Fryer now appeals the Order.[1]

---

[1] Mr. Fryer appealed the Order to the Superior Court, which by order filed September 27, 2024, transferred the matter to this Court.

## II. DISCUSSION

On appeal,[2] Mr. Fryer raises numerous arguments and claims regarding his disputes with Hunting Ridge. However, the Order is of limited scope. Accordingly, the Court will only consider Mr. Fryer's arguments as to whether the trial court erred in denying the Petition and directing Mr. Fryer to comply with the terms of the settlement agreement.[3]

To that end, Mr. Fryer argues the trial court erred for two principle reasons. First, Mr. Fryer contends the settlement agreement, which he "mistakenly made," should not be enforced against him because it does not provide for any pauses in the 36-month payment schedule for situations where he may lose his monthly income. (Mr. Fryer's Brief (Br.) at 2.) Second, Mr. Fryer asserts the trial court erred because

---

[2] "[W]hen reviewing a trial court's decision to enforce a settlement agreement," the Court's "scope of review is plenary as to questions of law, and we are free to draw our own inferences and reach our own conclusions from the facts as found by the court." *Hydrojet Servs., Inc. v. Reading Area Water Auth.*, 220 A.3d 1199, 1204 n.4 (Pa. Cmwlth. 2019) (citation omitted). "However, we are only bound by the trial court's findings of fact which are supported by competent evidence." *Id.* Further, "[t]he prevailing party is entitled to have the evidence viewed in the light most favorable to its position." *Id.* Accordingly, "we will only overturn the trial court's decision when the factual findings of the court are against the weight of the evidence or its legal conclusions are erroneous." *Id.*

[3] Hunting Ridge contends the Court should suppress Mr. Fryer's appellate brief or quash or dismiss the appeal because Mr. Fryer did not comply with numerous briefing requirements of the Pennsylvania Rules of Appellate Procedure. Pursuant to Pennsylvania Rule of Appellate Procedure 2101, where an appellant's brief does not comply with the Pennsylvania Rules of Appellate Procedure, the brief "may be suppressed, and, if the defects . . . are substantial, the appeal . . . may be quashed or dismissed." Pa.R.A.P. 2101. However, "[a] brief's technical deficiencies may not warrant outright quashal of the underlying appeal if they 'do[] not preclude this Court from discerning [an appellant's] arguments . . . or from performing meaningful review of the issues on appeal[.]'" *770 Ameribeer, Inc. v. Pa. Liquor Control Bd.*, 318 A.3d 998, 1004 n.6 (Pa. Cmwlth. 2024). Here, while Mr. Fryer's appellate briefs are technically deficient, the Court is able to discern his arguments and meaningfully review the merits of the appeal. Thus, under these circumstances, the Court will address Mr. Fryer's arguments to the extent we are able to do so.

it did not permit him to completely present his argument on the underlying merits of the matter during a hearing on the Petition. We disagree.

"The enforceability of settlement agreements is governed by principles of contract law." *Mazzella v. Koken*, 739 A.2d 531, 536 (Pa. 1999). "To be enforceable," therefore, "a settlement agreement must possess all the elements of a valid contract—offer, acceptance, and consideration or a meeting of the minds." *Baribault v. Zoning Hearing Bd. of Haverford Twp.*, 236 A.3d 112, 118 (Pa. Cmwlth. 2020). It is further established that "[a]n oral settlement agreement is enforceable, and an agreement presented to the presiding judge 'to settle the case for an agreed amount of money, is valid and binding despite the absence of any writing or formality.'" *DeLuca v. Mountaintop Area Joint Sanitary Auth.*, 234 A.2d 886, 899 (Pa. Cmwlth. 2020) (quoting *Wolf v. Consol. Rail Corp.*, 840 A.2d 1004, 1006 (Pa. Super. 2003)). A party seeking to invalidate an otherwise enforceable settlement agreement "must show fraud or mutual mistake by clear, precise and convincing evidence." *Baribault*, 236 A.3d at 118 (citation and internal quotations omitted). "[I]f a mistake is unilateral, there is no basis for rescinding a contract if the unilateral mistake 'is not due to the fault of the party not mistaken but rather to the negligence of the party who acted under the mistake.'" *Id.* (citation omitted).

Here, the trial court did not err in denying the Petition and directing Mr. Fryer to comply with the terms of the settlement agreement as agreed to during the January 19, 2024 hearing. To start, the record contains ample evidence that the Settlement Agreement possesses all the elements of a valid contract. (*See* 1/19/2024 Tr. at 4-11, 17, 21, 27-28, 34-35; *see also* Hunting Ridge's Br. at 14-18 (summarizing the terms of the settlement agreement reached during the January 19, 2024 hearing).) Moreover, Mr. Fryer, who was represented by counsel at the time, explicitly agreed

5

to the terms discussed during the January 19, 2024 hearing, which included the payment of $7,200 over a 36-month period without any pauses. (*See* 1/19/2024 Tr. at 28 (Mr. Fryer agreeing to the terms of the settlement agreement, stating: "Yes. . . . It's over. I want to pay it off."); *id.* at 11 (Mr. Fryer's counsel explaining that "we came here to put the settlement on the record").) That Mr. Fryer now contends he mistakenly entered into the settlement agreement because it does not contain a provision establishing a pause in the payment schedule if Mr. Fryer lacks income in a given month does not render the agreement invalid or unenforceable. Mr. Fryer's purported mistake is unilateral, and there is no basis to conclude that the settlement agreement is invalid or unenforceable because the mistake was not caused by the fault of Hunting Ridge. *See Baribault*, 236 A.3d at 118.

Second, the trial court did not err by not permitting Mr. Fryer to present his entire argument on the underlying merits of the matter during the hearing on the Petition. Mr. Fryer asserts that the trial court erred by "abrupt[ly] ending" the hearing on the Petition, which did not allow Mr. Fryer to respond to Hunting Ridge's arguments or present a number of "display cards" he presented during earlier hearings before the trial court and the arbitration panel. (Mr. Fryer's Br. at 10-11.) Mr. Fryer contends this is error because the rebuttal time and display cards "were important in proving that the fundamental issue in the case . . . was invalid." (*Id.* at 11-12 (emphasis removed).) We discern no error by the trial court. Mr. Fryer cannot relitigate the underlying merits of the matter because, as discussed above, he entered into a valid, enforceable agreement to settle and end the matter. *See Sustrik v. Jones & Laughlin Steel Corp.*, 197 A.2d 44, 46 (Pa. 1964) ("As between the parties involved, the settlement and discontinuance had the same effect as the entry of a

judgment for the defendant in the proceedings. . . [and] it is conclusive as to the cause of action asserted therein[.]").

Accordingly, we conclude that the trial court did not err in denying the Petition and directing Mr. Fryer to comply with the settlement agreement as agreed to during the January 19, 2024 hearing.

## III.   CONCLUSION

For the above reasons, we affirm the Order of the trial court.  Additionally, we remand the matter to the trial court to determine the amount of costs and reasonable attorney fees Mr. Fryer must pay Hunting Ridge for this appeal.  *See* Section 5315(a) of the Uniform Planned Community Act, 68 Pa.C.S. § 5315(a) ("Unless the declaration otherwise provides, . . . reasonable costs and expenses of the association, including legal fees, incurred in connection with collection of any sums due to the association by the unit owner or enforcement of the provisions of the declaration, bylaws, rules or regulations against the unit owner are enforceable as assessments under this section."); *id.* § 5315(g) ("A judgment or decree in any action or suit brought under this section shall include costs and reasonable attorney fees for the prevailing party.").

_____
RENÉE COHN JUBELIRER, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hunting Ridge Community Services :
           :
     v.     :  No. 1274 C.D. 2024
           :
Robert B. Fryer,     :
    Appellant  :

# **O R D E R**

**NOW**, August 13, 2025, the Order of the Court of Common Pleas of Allegheny County (trial court), exited June 24, 2024, is **AFFIRMED**. The matter is **REMANDED** to the trial court to determine an award of costs and reasonable attorney fees consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
RENÉE COHN JUBELIRER, President Judge