J-A26001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAVID SACHS AND MARLENE SACHS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILKINSBURG-PENN JOINT WATER | : | No. 374 WDA 2025 |
| AUTHORITY | : | |

Appeal from the Order Entered February 24, 2025
In the Court of Common Pleas of Allegheny County
Civil Division at No:  AR-24-006357

BEFORE:  OLSON, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                    **FILED: February 13, 2026**

This appeal concerns whether the tort claims of Appellants/plaintiffs, David Sachs and Marlene Sachs, are procedurally barred.  Appellants alleged that, in 2022, runoff from a malfunctioning water main owned and operated by Appellee/defendant, Wilkinsburg-Penn Joint Water Authority, entered their property and caused damages.  It was alleged further that the same problem recurred as recently as 2024.  Appellee moved for judgment on the pleadings on statute of limitations grounds, arguing that Appellants filed their action over two years after it began to accrue.  The trial court granted judgment for Appellee, and Appellants now seek review of that ruling.  For the following reasons, we affirm the trial court's order as to the claims arising from the initial water intrusion onto Appellants' property; but as to claims arising from

recurrences of the issue within two years from the filing date of the complaint, we reverse insofar as the trial court found that the time-bar applies.[1]

Appellants filed their operative complaint on October 9, 2024, asserting four counts – continuing trespass (Count I); trespass (Count II); negligence (Count III); and private and continuing nuisance (Count IV).

_____

[1] As Appellee is a public utility, the Commonwealth Court has exclusive jurisdiction in this case. *See* 42 Pa.C.S.A. § 762(a)(4)(i)(A). However, since Appellee has not contested this Court's jurisdiction, and the appeal has been perfected, this Court has discretion to determine whether jurisdiction should be retained. *See Valley Forge Indus., Inc. v. Armand Constr. Inc.*, 374 A.2d 1312, 1316 (Pa. Super. 1977). When determining whether to retain an appeal:

> [w]e must balance the we must balance the interests of the parties and matters of judicial economy against other factors such as: (1) whether the case has already been transferred; (2) whether our retention will disrupt the legislatively ordained division of labor between the intermediate appellate courts; and (3) whether there is a possibility of establishing two conflicting lines of authority on a particular subject. Moreover, each transfer should be decided on a case-by-case basis.

*Mohn v. Bucks Cty. Republican Committee*, 218 A.3d 927, 934 (Pa. Super. 2019) (*en banc*) (quoting *Trumbull Corp. v. Boss Constr. Inc.*, 747 A.2d 395, 399 (Pa. Super. 2000)).

Here, the interests of judicial economy, and of the parties, are best served by this Court retaining jurisdiction of this appeal. Our disposition will not disrupt the division of labor between this Court and the Commonwealth Court, and it will not it result in conflicting lines of authority. The issues to be resolved in the present appeal all concern the application of the statute of limitations for tort claims, and therefore do not involve substantive matters within the exclusive jurisdiction of the Commonwealth Court. Thus, we decline to transfer this case. *See e.g., M.W.M. v. Buzogany*, Nos. 379 WDA 2022, 380 WDA 2022, at 11-14 n.11 (Pa. Super. filed July 21, 2023) (unpublished memorandum) (retaining jurisdiction where disposition turned on applying statutes that did not involve substantive issues exclusive to jurisdiction of Commonwealth Court).

Appellants alleged that, on January 22, 2022, a water main owned and operated by Appellee developed a leak. Runoff from the water main then traveled to Appellants' property, where it froze, causing damage to their "driveway, drainage basin, [and] fence[.]" Complaint, 10/9/2024, at para. 9.

In addition to the initial leak alleged on January 22, 2022, Appellants asserted that Appellee failed to "regulate the water main . . . as recently as June 21, 2024, and this unwanted and unjustified entrance . . . has caused additional damages and aggregated additional runoff water and debris onto [Appellants'] driveway and immediate surrounding vicinity[.]" *Id*., at para. 23.

Appellee filed an answer and new matter, contending, in relevant part, that Appellants' complaint was barred by the statute of limitations. That is, the alleged water main break occurred on January 22, 2022, and Appellants did not file their complaint until a date beyond the expiration of the two-year statute of limitations filing period, on October 10, 2024. Appellee moved for judgment on the pleadings on that same ground. *See* Motion for Judgment on the Pleadings, 12/10/2024, at 1-2.

In their brief in opposition to Appellee's motion for judgment on the pleadings, Appellants argued in part that their claims are not barred by the statute of limitations because "they involve persisting injuries that have been continuous and ongoing." Appellants' Brief in Opposition, at 3.

The trial court granted Appellee's motion for judgment on the pleadings, finding that Appellants' complaint was filed beyond the limitations period, and the statute of limitations had not been tolled:

> The Court's brief explanation for this decision is as follows. The undisputed facts of record show that [Appellants] commenced this lawsuit after the expiration of the statute of limitations. [Appellants] knew that they suffered an injury. [Appellants] knew that the injury was caused by [Appellee]. Yet, [Appellants] waited more than two years to file a complaint.
>
> There is no basis to excuse [Appellants] from this obligation of timely filing. Assuming [Appellants'] explanation to be credible as I have reason to doubt their veracity, the act of negotiating with an insurance company or participating with that insurer in a claims review process does not otherwise toll the statute of limitations. A cause of action accrued to [Appellants] before the insurance company denied the claim. Moreover, this is not a situation of continuous trespass or of multiple specific or discrete torts being inflicted on [Appellants] at different times, thus giving rise, potentially, to a later statute of limitations.
>
> Instead, what occurred, from the facts plead[ed], is that, on a certain date, water came into the [Appellants'] land and property because of the negligence of [Appellee]. That the water (as a liquid, solid or gas) remained there for a period of months (or years) does not alter the statute of limitations. Under [Appellants'] theory and logic, provided the water from the tortious conduct remains on the premises, then the statute of limitations does not expire, potential extending *ad infinitum*. This position is plainly refuted by Pennsylvania law.
>
> Lastly, a party raising the affirmative defense of the statute of limitations is not required to show any prejudice. That is undoubtedly a harsh consequence. But it is the law of Pennsylvania and has been for many years. It would constitute a reversible error for this Court to now deviate from accepted standards and to introduce equitable considerations into its analysis. This Court must agree with [Appellee]: as a matter of law, the statute of limitations bars [Appellants] from any recovery.
>
> In reaching this result, this Court is mindful of the impact of this decision upon [Appellants]. This is not a decision that it reached

lightly. But it is impossible for this Court to conceive of a different result that it could have reached under these facts which would have been consistent with long established legal precedent.

Trial Court Order, 2/24/2025, at 1-2 (some indentations added).

Appellants moved for reconsideration, stressing that their claims arose from a continuing defect with the water main, which had "recurred as recently as June 21, 2024[.]" Motion for Reconsideration, 3/6/2/2025, at 10 (quoting Complaint, at paras. 23-24).

The motion for reconsideration was denied. *See* Trial Court Order, 3/7/2025, at 1-2. The trial court noted in its order that Appellants had allegedly "experienced water infiltration on June 21, 2024 – after the expiration of the existing Statute of Limitations," and that they had relied on this recurrence to avoid the procedural bar to their claims originating on January 22, 2022. *Id*., at 2. The trial court reasoned that any recurrence of the water main leak subsequent to the expiration of the limitations period would do nothing to revive the viability of those earlier claims. *Id*. ("[Appellants] claim apparent immunity from the normal operation of the statute of limitations because of . . . something that occurred on June 10, 2024, after the statute of limitations had already expired."). The order denying reconsideration is provided in its entirety below:

Our disagreement as to the state of the law is embodied by ¶5 of the Complaint wherein [Appellants] aver to have "realized their injury on October 10, 2022, when provided with a denial of insurance protection covering their damage." Thus, according to [Appellants], the statute of limitations on a tort claim begins to run only once the tortfeasor's insurer denies a claim and the injury party is informed that they will not receive compensation for their

injuries. This is simply not an accurate reflection of the law. Indeed, I find it to be a startling misapprehension of what I consider to be blackletter legal principles.

The undisputed facts of record upon which I premise both this Order and my prior Order that granted [Appellee's] Motion for Judgment on the Pleadings are found in [Appellants'] Complaint, to which I cite by paraphrase below.

- ¶8: [Appellee] had exclusive responsibility for the water main.

- ¶9: On January 22, 2022, a break occurred in the water main resulting in water pouring into [Appellants'] driveway resulting in property loss and damages.

- ¶10: [Appellants] had notified [Appellee] on multiple prior occasions of water from [Appellee's] water main and pipes infiltrating into their driveway.

- ¶11: [Appellee] told [Appellants] to submit their damage claims to its insurance company.

- ¶12: On October 10, 2022, the insurance company denied [Appellants'] claim for damages.

Thus, according to their Complaint, [Appellants] knew on January 22, 2022 they suffered an injury and they knew the identity of the entity that caused it. On this basis, I agree with [Appellee] that the Statute of Limitations began to run on **January 22, 2022**. I also agree with [Appellee] that the applicable Statute of Limitations is 2-years. Lastly, I agree with [Appellee] that this Statute expired on **January 22, 2024**. [Appellants] admittedly did not commence this litigation *for the damages sustained as a result of the incident on January 22, 2022* until October 10, 2024. Therefore, I granted [Appellee's] Judgment on the Pleadings because I determined that, based on the Complaint, [Appellants] failed to file their lawsuit in a timely manner and that [Appellee's] appropriately plead[ed] and asserted the affirmative defense of the statute of limitations as a bar to [Appellants'] claim.

[Appellants] contend that January 22, 2024 **cannot** serve as the expiration date of their statute of limitations because of two facts also found in the Complaint: (1) [Appellee's] insurance company

did not deny their claim until October 10, 2022; and (2) they experienced water infiltration on June 21, 2024 – after the expiration of the existing Statute of Limitations.

Arguing that they "did not have knowledge of the operative cause nor the causative relationship between the injury and operative conduct until October 10, 2022," [Appellants] insist that the denial of the insurance company triggers the start of the running of the statute. Citing to [*Ayers v. Morgan*, 154 A.2d 788 (Pa. 1959)], [Appellants] posit an apparent unawareness of "what or who hurt them." Until that point, [Appellants] report to being unclear as to whether the proper party to sue was "Select Insurance, the Water Authority or an unknown third-party contractor." Thus, [Appellants] insist that they appropriately commenced suit on the "two-year anniversary" of the denial.

I find [Appellants'] argument to be nonsense. Keep in mind, as well, that this is not a situation where the behavior of the insurance company could be construed as causing the party to miss the statute of limitation because of the timing of a denial or the sudden, unexpected adoption of an adversarial stance at a late date. Here, the denial occurred **more than one (1) year before** the statute expired, leaving any reasonable person sufficient time to file a lawsuit. Further, [Appellants'] contention that they did not know who to sue is contradicted by the face of their own Complaint: as [Appellants] describe in ¶ 10, they had notified [Appellee] on **prior occasions of similar problems**. But now, when facing dismissal of their claim, [Appellants] fatuously assert that they considered suing the insurance company or an unknown party, as if they were truly in the dark as to the entity that supplied the water that cascaded down their driveway. Again, this is nonsense.

Next, [Appellants] accuse me of "defiantly" asserting that they should have known about their injuries at an earlier juncture than the denial of their claim by [Appellee's] insurer. My "defiance" is anchored upon the facts of record as well as common sense, logic, and, most importantly, the law. The act of negotiating with an insurance company does not automatically toll the statute of limitations. What does the insurance company have to do with knowing the identity of the tortfeasor or that you suffered injuries? Indeed, the insurance company here clearly disclosed it was acting on behalf of [Appellee]– the party who caused injuries. [Appellants] communicated with the insurance company because

- 7 -

they had been injured and presumably wanted money or other relief to compensate them for their injuries. It is ludicrous to suggest that a party does not know they have been **injured** until an insurance company denies the claim for those **injuries** on behalf of the entity that allegedly caused them.

Third, though [Appellants] take umbrage at my observation that [Appellants] seek to impose an *ad infinitum* period of limitations, this hyperbole was occasioned by the stark absurdity, factual incongruity, and ignorance of the law of [Appellants'] position on the statute of limitations. The Court does not use the word "absurd" lightly or derisorily – what [Appellants] advocate makes zero sense and is not grounded upon any legal authority, at least any that stand for the proposition for which [Appellants] cite to them. [Appellants'] Complaint plainly sets forth that [Appellants] knew the [Appellee] injured them on January 22, 2022. Yet, inexplicably, [Appellants] claim apparent immunity from the normal operation of the statute of limitations because of a denial of insurance claim on October 10, 2022, and then from something that occurred on June 10, 2024, after the statute of limitations had already expired.

What to make of such sophistry, other than to muse that, perhaps, [Appellants'] position is that the statute of limitations will never end, because what [Appellants] argue to this Court turn the well-settled law of the statute of limitations on its head – bizarrely causing the question of when the statute begins to run upon the statements or conduct of an insurer. And, merely by inserting a sentence in a pleading, reciting that an adverse event occurred months after the expiration of a statute of limitations and then labeling that a "continuous trespass" just does not make it so.

Fourth, whether a defendant will be "prejudiced" by a late filed claim is not an appropriate inquiry for a court when deciding upon the affirmative defense of the statute of limitations. I just do not know what more can be said on this regard to convince [Appellants] that "prejudice" is not a predicate to successfully plead the statute of limitations.

Lastly, I am aware that one of my judicial colleagues granted an Order on Plaintiff's Motion to Compel filed during the pendency of Defendant's Motion for Judgment on the Pleadings. That Order required [Appellee] to produce certain documents. Subsequently, a few days later, I granted Judgment on the Pleadings for the

reasons set forth above. The Order to which [Appellants] point did not address the substance of their claim nor the merits of the statute of limitations defense. It was a standard "discovery order," no more, no less; the fact that there is an outstanding order requiring [Appellee] to produce documents does not turn the law of the statute of limitations on its head or hold it in abeyance; securing a discovery order is not tantamount to the suspension of the law, providing a party with a safe harbor from dismissal.

My ruling is totally independent of any of the outstanding discovery in this case, since it was founded upon the pleadings and crystal clear issue of [Appellants'] decision to wait until the "anniversary" of the denial of their claim by [Appellee's] insurance rather than the "anniversary" of when they sustained their loss by [Appellee].

Accordingly, I deny [Appellants'] Motion for Reconsideration, emphasizing that all the reasons cited by [Appellants] as to why I committed "clear and reversible" error are themselves erroneous and run afoul of long-held legal principles that, until encountering [Appellants], I thought to be beyond question.

Trial Court Order, 3/7/2025, at 1-4 (emphases in original, some indentations added).

The trial court did not file a 1925(a) opinion giving the reasons why its ruling should be upheld. The trial court instead filed a 1925(a)(1) statement referring to its above-mentioned orders granting judgment on the pleadings and denying Appellants' motion for reconsideration of that dispositive ruling. *See* Trial Court 1925(a)(1) Written Statement, 7/25/2025, at 1.

In their brief, Appellants now raise several related issues, which, for ease of disposition, we condense into two main grounds:

1. Did the trial court err in granting judgment on the pleadings for Appellee, based on the statute of limitations, as to claims arising from the initial alleged trespass on January 22, 2022?

- 9 -

2. Did the trial court err in granting judgment on the pleadings for Appellee, based on the statute of limitations, as to claims arising from continuing and recurring incidents of trespass?

*See* Appellant's Brief, at 9-10 (questions condensed and reworded).

Appellants' first claim is that judgment on the pleadings was erroneously granted in favor of Appellee as to their claims arising from the initial alleged trespass on January 22, 2022, because the statute of limitations was sufficiently tolled to make their complaint timely filed.

The standard of review applicable to orders granting judgment on the pleadings is well-established:

> A motion for judgment on the pleadings will be granted only where, on the facts averred, the law says with certainty no recovery is possible. As this issue concerns a question of law, our review of the entry of judgment on the pleadings is *de novo.*
>
> It is fundamental that a judgment on the pleadings should not be entered where there are unknown or disputed issues of fact. The court must treat the motion as if it were a preliminary objection in the nature of a demurrer. In conducting this inquiry, the court should confine its consideration to the pleadings and relevant documents.

*Cogley v. Duncan*, 32 A.3d 1288, 1291–92 (Pa. Super. 2011) (quoting *Piehl v. City of Phila.,* 987 A.2d 146, 154 (Pa. 2009)) (internal citations omitted).

Here, Appellants have alleged that they initially sustained property damages as a result of a water main break on January 22, 2022. Appellants' complaint was not filed until over two years after that initial incident, on October 9, 2024.

Appellants have asserted that the limitations period was tolled as of January 22, 2022, because (a) they did not immediately grasp the nature of the damages; (b) it was not immediately apparent that Appellee was responsible for the leak in the water main; and (c) Appellants had been engaged in failed settlement negotiations with Appellee's insurance company. *See* Appellant's Brief, at 14-28. For the same reasons given by the trial court (quoted at length above), we find that none of the invoked exceptions to the statute of limitations are applicable here. *See* Trial Court Order, 3/7/2025, at 1-4; Trial Court Order, 2/24/2025, at 1-2.

The tort of trespass is "[a]ny physical entry upon the surface of the land," including the flooding of land. *Jones v. Wagner*, 624 A.2d 166, 169 (Pa. Super. 1993) (citation omitted). A nuisance is "the unreasonable, unwarrantable, or unlawful use by a person of his own property . . . producing such material annoyance, inconvenience, discomfort or hurt that the law will presume a consequent damage." *Cassel-Hess v. Hoffer*, 44 A.3d 80, 85-86 (Pa. Super. 2012) (quoting *Kramer v. Pittsburgh Coal Co.*, 19 A.2d 362, 363 (Pa. 1941)). For a claim sounding in trespass or nuisance, "**whether continuing or permanent**," the statute of limitations is two years. *Kowalski v. TOA PA V, L.P.*, 206 A.3d 1148, 1160 n.6 (Pa. Super. 2019) (emphasis added) (citing 42 Pa.C.S.A. § 5524(4)).

In the present case, the facts alleged in Appellants' complaint would completely foreclose the applicability of the tolling principles they invoke because, as pleaded in their complaint, they "knew on January 22, 2022[,]

- 11 -

they suffered an injury and they knew the identity of the entity that caused it." Trial Court Order, 3/7/2025, at 2. The trial court therefore did not err in granting judgment on the pleadings for Appellee as to Appellants' claims for damages sustained on January 22, 2022. *See Allegheny Cty. v. Merrit Const. Co.*, 454 A.2d 1051, 1054 (Pa. Super. 1982) ("The appellant's cause of action accrued at the latest on January 27, 1978. Since the appellant did not commence suit by January 27, 1980, its cause of action is barred by the statute of limitations. The lower court quite properly granted judgment on the pleadings.").

Appellants' second ground for relief on appeal is that the trial court erroneously granted Appellee judgment on the pleadings because the alleged trespass on their property has been continuous and recurring. The most recent recurrence alleged in Appellants' complaint took place as recently as June 21, 2024. *See* Appellants' Brief, at 23-24.

The allegations in Appellants' complaint are somewhat unclear as to whether they only have sought damages stemming from the initial incident on January 22, 2022, or whether they are *also* seeking damages arising from later recurrences. For such alleged damages sustained on or after June 21, 2024, the statute of limitations would obviously not bar relief, as Appellants filed their complaint well within two years of those events, on October 9, 2024. *See generally Miller v. Stroud Tp.*, 804 A.2d 749, 753-54 (Pa. Cmwlth.

2022).[2]  Because it is not also apparent from the trial court's rulings whether

the order on review was intended to bar relief for such recurrences, we must

_____

[2] The statute of limitations for Appellants' trespass claims began to run on the date of the original trespass, whereas their continuing trespass claims could be asserted within renewed limitations periods through "a succession of actions based on continuing infractions" occurring thereafter:

> The tort of trespass is "any physical entry upon the surface of the land," and may occur by any number of means, such as walking on, flooding, or throwing objects on land. A nuisance is "the unreasonable, unwarrantable, or unlawful use by a person of his own property producing such material annoyance, inconvenience, discomfort or hurt that the law will presume a consequent damage.

> Actions for trespass and actions for nuisance are both subject to a two-year statute of limitations.  However, when the statute of limitations begins to run for causes of action for trespass and nuisance depends on whether the wrong is permanent or continuing.  A permanent trespass or nuisance, as the name suggests, is one "that effects a permanent change in the condition of the land," and in such a case, **the statute of limitations begins to run at the time of the original trespass**.  A permanent trespass or nuisance entitles the possessor of the land to institute a single action for all past and future damages*.*

> Conversely, in the case of a continuing trespass or nuisance it is impossible to know exactly how many incidents of trespass will occur in the future, or the severity of the damage that may be caused, such that the full amount of damages cannot be calculated in a single action.  **For that reason, a party aggrieved by a continuing trespass or nuisance can maintain a succession of actions based on continuing infractions or the aggravation of the original offense**.

> To determine whether a trespass or nuisance constitutes a permanent or continuing cause of action, courts must consider a variety of factors, including: 1) the character of the structure or thing which produces injury; 2) whether the consequences of the

*(Footnote Continued Next Page)*

remand this case so that the trial court may clarify the order on that narrow point.

Order affirmed in part, reversed in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/13/2026

_____

trespass/nuisance will continue indefinitely; and, 3) whether the past and future damages may be predictably ascertained.

***Caruso-Long v. Reccek***, 243 A.3d 234, 238–39 (Pa. Super. 2020) (internation citations and quotations omitted, emphasis added); ***see also Kowalski v. TOA PA V, L.P.***, 206 A.3d 1148, 1160-61 (Pa. Super. 2019) (distinguishing permanent trespass from continuing trespass); ***Milan Stefanik Slovak Libr. & Literary Soc'y v. Borough of E. Vandergrift***, No. 1374 C.D. 2024 (Pa. Cmwlth. filed December 9, 2025) (unpublished memorandum).